BOLIN, Judge ad hoc.
Sam Bostwick brings this suit, pursuant to LSA-R.S. 13:5062, against the New Hope Baptist Church in order to try title to a certain plot of ground which was reserved in a deed made to the church some sixty years ago. The plaintiff alleges that the defendant is “a colored congregation, unincorporated, domiciled and doing business in Vivian, Caddo Parish, Louisiana.” In connection with the suit in the lower court, service was made on a Negro by the name of Friday Davis, who is alleged to be a deacon and a member of the said church. The defendant first filed an exception to the citation in that the defendant was cited through the said Friday Davis, an individual who had not been appointed for such purposes. This exception to the citation was overruled by the trial judge. Without any reservation as to its rights under the exception, the defendant filed an answer in the form of a general denial, coupled with a plea of prescription of ten and thirty years acquirenda causa. On these issues the case was tried, resulting in a judgment in favor of the plaintiff recognizing him to be the owner of the 40 acres in question, less a square acre in the northwest corner thereof. It is from this judgment that the plaintiff has perfected the appeal now before the court.
As stated hereinabove, this is what is generally referred to as an action to try title wherein neither of the litigants are alleged to be in possession of the property. In order to better understand the background of this case, and particularly as it relates to the ownership, description and possession of the property, it would perhaps be better to briefly outline the basis •of such title. On September 22, 1893, the New Hope Baptist Church originally acquired from John W. Stallcup:
“Northwest Quarter of Northwest Quarter of Section 35, Township 22 North, Range 16 West, Caddo Parish, Louisiana.”
On June 19, 1894, the said church sold to Allen Thompson:
“The Northwest Quarter of the Northwest Quarter of Section Thirty-five (35), Township Twenty-two (22) North, of Range Sixteen (16) West, less two acres reserved for Church purposes, on the North line of sedd quarter of quarter section upon which the church now stands, situated in Cad-do Parish, La.” (Emphasis ours.)
The Estate of Allen Thompson permitted this property to be sold for taxes on June 25, 1941, and on the said date Sam Bost-wick purchased same at a tax sale, but, for the first time, the property was described as follows:
“39.00 acres, NW of NW y4 of Sec. 35 (22-16), less 1 acre in NW corner.” (Emphasis ours.)
In 1944 the property was redeemed by the Allen Thompson Estate but it was again sold in June, 1945, to the same purchaser and under the same description as previously bought by him in June, 1941.
Mr. Bostwick brought a suit to quiet his title to the 39 acres above described and such a judgment was signed by the District Court of Caddo Parish, Louisiana, on March 12, 1954 and a corrected judgment affecting the same property was signed by the said court on September 28, 1956.
In appealing its case before this court the defendants below now contend that the judgment of the district court is in error and should be reversed principally because of the following reasons:
(1). The trial judge was in error in overruling the exception to the citation which was filed in the lower court.
(2). The judgment of the lower court was in error in recognizing the *203 plaintiff as the owner of that portion of property which was being used as a colored cemetery.
 In brief and in oral argument before this court, counsel for defendants strenuously urge that the original exception to the citation was good and should have been sustained. In this connection we have been cited to many cases under our jurisprudence to the general effect that a service of citation on a member, who is not authorized, is defective as to an unincorporated association such as the New Hope Baptist Church, and, particularly when the defendant is involved in a suit to try title to a tract of land. Such may he the law but, unfortunately for the defendant, we feel that this court cannot pass on this exception in the manner in which it has been presented to us. As previously stated herein, the defendant made a voluntary appearance in the lower court by filing an answer and a plea of prescription without reserving any of its rights under the previous exception as to the citation. A defendant may, without subjecting himself to the jurisdiction of the court, come in and ask to be dispensed from answering a suit, or, in other words, decline to answer, either because the court has no jurisdiction or because the process for bringing him into court has been faulty. But he cannot, without subjecting himself to the jurisdiction of the court, apply for any other relief. Florida Molasses Co. v. Berger, 1951, 220 La. 31, 55 So.2d 771; Rathbone v. The London, 6 La.Ann. 439; Succession of Baumgarden, 35 La.Ann. 127; Williams v. Gilkeson-Sloss Commission Co., 45 La.Ann. 1013, 13 So. 394; First Nat. Bank of Arcadia v. Johnson, 130 La. 288, 57 So. 930, 931; Vititoe v. Shea, 161 La. 984, 109 So. 785.
As to the merits, we are of the opinion that the trial judge was in error in decreeing the plaintiff to be the owner of any property that was'being used as a cemetery. There was no dispute in the evidence that a certain portion of the property was being used as a burial ground for the colored people of that community. Mr. Ben E. Ramsey, a Civil Engineer who testified for the defendant, estimated that approximately 1.25 acres were thus being used as a cemetery. In this connection, a great deal of the trial below was consumed by the introduction of testimony as to how long the property had been used for such a cemetery and as to whether or not same had been under fence for a period of thirty years or more. All of this evidence was apparently introduced for the purpose of sustaining the pleas of ten and thirty years prescription relied upon by defendant. In connection with this contention by the defendant, the plaintiff likewise diligently sought to show in the lower court that any such use of a cemetery as a burial ground was done indiscriminately by the public and as such could not be classified as any possession by or on behalf of the New Hope Baptist Church.
As previously stated herein, any title which the plaintiff has must rest on his tax deed which he acquired in 1945. It is our opinion that the plaintiff, under no circumstances, could have acquired a valid title to the cemetery by means of the tax deed. Louisiana Constitution Article 10, Section 4, LSA, provides as follows:
“Section 4. The following property, . and no other, shall be exempt from taxation:
# * * * # *
“2. Religious, charitable and educa-, tional property. * * *; places of burial.” (Emphasis ours.)
While we have not been furnished with any cases wherein property exempt from taxation has been sold at a tax sale, we feel certain that such a sale is null and void and has no effect. As an analogy of the situation, it is settled jurisprudence that a tax sale of property upon which the taxes have previously been paid is an absolute nullity, not curable by the prescriptive periods provided in the Constitution. Lacaze v. Boycher, La.App., 1 Cir., 1955, 80 So. 2d 583; Third District Land Co. v. Lassere, *204 1943, 204 La. 451, 15 So.2d 850; Chapman-Storm Lumber Co. v. Board of Commissioners, etc., 1941, 196 La. 1039, 200 So. 455.
In other words, the very basis of any tax ■sale is in order to collect whatever taxes may be due and unpaid against the property which is sold. As a cemetery is specifically exempt from taxation under the constitutional provisions above cited, there •could certainly be no taxes due and, therefore, no valid tax sale as to any portion actually being used as a burial ground.
Having found that the tax sale was a nullity as to any portion of the property described in the said tax deed which was being used as a cemetery, it is immaterial for this court to decide whether or not the defendants acquired title to same in any manner, whether by prescription or a deed. It is incumbent on the plaintiff to prove his own title, which he has obviously failed to do as to the cemetery property.
As previously stated, the plaintiff in his original suit sought to be declared the owner of the entire 40-acre tract described as Northwest Quarter of Northwest Quarter of Section 35, Township 22 North, Range 16 West, Caddo Parish, Louisiana. The lower court declared him to be the owner of the entire 40-acre tract less a square acre in the northwest corner thereof. This one acre corner in the northwest corner thereof obviously had no reference to the cemetery which has been discussed herein because it was in a different corner of the 40-acre tract. We feel that the portion of the judgment below which gave plaintiff title to the cemetery was in error.
Having found that the portion used as a cemetery should not have been included in the original judgment, it is the duty of the court to define the limits of the said cemetery with some degree of certainty. From the evidence before us we are unable to give such a description, and, under the provisions of the Code of Practice of Louisiana, Article 906, we feel that the case should be remanded to the district court for the specific purpose of receiving additional testimony as to the boundaries of the cemetery as presently being used; that after such evidence is received by the lower court that it define the boundaries of the cemetery and amend its original judgment so as to also exclude the ownership of such cemetery from the property belonging to the plaintiff.
It is, therefore, the findings of this court that the judgment of the lower court be sustained insofar as it found the plaintiff to be the owner of the 40 acres in question less one acre in the northwest corner thereof, but that the said judgment be amended so as to further exclude from the description of the property to be awarded to plaintiff that portion of property presently used as a cemetery; that the case is further remanded to the lower court in conformity with the instructions stated herein.
LSA-R.S. 13:4444 provides that all appellate courts may tax the cost of the lower or appellate court, or any portion thereof, against any party to the suit, as in its judgment may be deemed equitable. Pursuant to this Act, it is the further judgment of this court that the entire cost of the proceedings in the lower court and on appeal should be taxed against the plaintiff.
HARDY, J., absent.