TATE, Judge.
The issue of this appeal is: When property used for church purposes and therefore constitutionally exempted from taxation is nevertheless erroneously sold at tax sale, may the tax sale purchaser (where the former owner’s right to attack the validity of the tax sale has not perempted) require reimbursement of the taxes paid by him from the church property owner, as a prior condition to annulment of the invalid tax sale?
This monition proceeding was instituted in 1957 by Givens to quiet and confirm his title to a certain Baton Rouge city lot that he had purchased at tax sale for unpaid state and parish taxes for the year 1947. Prior to the tax sale the property had been assessed in the name of Charley Anderson, whose opposition herein to the confirmation of Givens’ title was sustained by the trial court.
By his present appeal, Givens does not question the trial court judgment insofar as it correctly decreed the tax sale to be a nullity because no notice of delinquency was given to Anderson, the record owner of the property (Butler v. D’Antonio, 231 La. 275, 91 So.2d 345), whose continued corporeal possession of the property after the tax sale constituted a constant protest against the tax title and suspended the running of the five-year peremption otherwise barring his right to question the validity of the tax sale for such cause (Thurmon v. Hogg, 225 La. 263, 72 So.2d 500; Staring v. Grace, La.App. 1 Cir., 97 So.2d 669, 671).
Givens’ sole present contention upon appeal is that the judgment annulling the tax sale should be amended so as to require the repayment of the taxes paid by him on the property, and the costs of the tax sale, together with interest, in accordance with the following provision of Art. 10, Section 11, LSA-Constitution:
“ * * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payment, be previously paid to the purchaser; provided, this shall not apply to sales annulled on account of taxes having been paid prior to the date of sale, * * * »
In opposition to this contention, reliance is placed upon the constitutional exemption from state and parish taxation of “places of religious worship” and other church property. Art. X, Section 4, subd. 2, Louisiana Constitution.
It is shown without contradiction that the premises in question, upon which a church building is erected, had been used exclusively by the Rock Zion Baptist Church for church services and other religious functions continuously from before the tax sale to the time of trial. Likewise, although record title is vested in Anderson (the church’s pastor), and although the property was assessed to him rather than the church, it is not contested that such property was entitled to be exempted from taxation under the constitutional provision in question: for the traditional test of exemption is based upon the use of the property for a tax-exempt purpose, rather than upon whether title to the property is vested in a tax-exempt institution. Martin v. Louisiana Central Lumber Co., 150 La. 157, 90 So. 553; Beta Xi Chapter of Beta Theta Pi v. City of New Orleans, 18 La.App. 130 Orl., 137 So. 204, noted 6 Tul.L.Rev. 666 (1932); see also Warren County Mississippi v. Hester, 219 La. 763, 54 So.2d 12, syllabus 4; State ex rel. United Seamen’s Service, Inc. v. City of New Orleans, 209 *82 La. 797, 25 So.2d 596; Opinions of Attorney General, Louisiana, 1922-1924, p. 755 (to effect that exemption of church from taxation is not dependent upon the ownership of the property but upon the purpose to which the property is exclusively devoted) .
The uncontradicted facts further show the following: On November 12, 1947, Anderson filed an affidavit in the office of the parish assessor showing that a church was erected upon the premises and that the premises had been and would continue to be used as a church without payment of rent to Anderson; a copy of which affidavit was produced at the trial from the records of the assessor. On the same date, Anderson paid his taxes on other property owned by him, but upon showing the deputy sheriff and tax collector the affidavit he did not pay the taxes upon the church property lot. These latter premises were subsequently, in 1948, advertised for sale as the property of a non-resident, although Anderson had been living since 1928 at 2224 Maryland Street in Baton Rouge. Anderson received no notice of the tax sale. The property continued to be used for church services, without knowledge by Anderson or the church members of the tax sale until immediately prior to the present suit ten years later, when a sign was nailed on the church door (apparently by Givens) that the church was for sale. Anderson explained that when he received no further notifications in subsequent years of any taxes claimed upon the property,^ he assumed that this was in conformity with his filed affidvait that the property was tax-exempt.
Under the facts set forth, we are faced with an apparent conflict between two constitutional provisions. By Article X, Section 4, the property was exempt from taxation; and the property’s owner did not waive his right to claim such exemption by any inaction upon his part, nor did he abandon his claim to exemption or to attack the validity of the tax sale by surrendering the corporeal detention of the property. By Article X, Section 11, no tax sale may be annulled (except those upon which the taxes were paid previously to the tax sale) unless the tax sale purchaser is first repaid the taxes paid by him. Yet if the latter provision were enforced in the present instance, the blameless owner of property constitutionally exempted from taxation will nevertheless be required to pay taxes upon his property, despite the former-cited constitutional provision and despite the circumstance that he had taken reasonable steps to secure recognition by the taxing authorities of the exempt status of his property.
A proper reconciliation of the two cited constitutional provisions requires a holding that under these circumstances the owner of property exempted from taxation by Article X, Section 4, is not required under Article X, Section 11, as a prior condition to secure annulment of an invalid tax sale, to reimburse the tax sale purchaser for the taxes paid by him (nor, of course, to pay the other penalties therein set forth). The latter constitutional provision must be read in conjunction with the former constitutional provision. It was unnecessary for Article X, Section 11, to provide specifically that the requirement for reimbursement of taxes was inapplicable to the owners of property constitutionally exempted from taxation, because under the other constitutional provision of equal dignity such property was not supposed to be taxed nor, consequently, to be sold at tax sale.
Article X, Section 11, specifically provides that if an owner has paid the taxes prior to the tax sale, he is not required to reimburse the tax sale purchaser for such expenses occasioned by the latter’s purchase through an invalid tax sale. The intent of this provision is to avoid penalizing the owner who has satisfied his tax liability upon the property, as would be done by. requiring him to pay again the taxes to the purchaser by an invalid tax sale. The latter in this instance takes the risk that the burden shall be upon him to recover any taxes improperly collected from him *83 through clerical error or dual assessment.[1] Consistent with such intent, we feel, is an interpretation by which the owner of property constitutionally exempted from taxation be not required, unconstitutionally, to pay taxes upon his property sold through clerical or administrative error, when he has previously taken reasonable steps to secure recognition of the exempt status of his property.
It is of interest that by LSA-R.S. 47 1991, the state tax commission is given authority to direct the local tax collector to cancel an assessment, upon a verified affidavit of the taxpayer “that the assessment is a clerical error, or an erroneous or double assessment, or that the property is exempt by the constitution from taxation.” (Italics ours.) When such notification is given by the tax commission, not only is the cancellation of the tax mortgage made mandatory, but the legislative enactment further provides: “In case property erroneously assessed has been sold for taxes and adjudicated to a third party, the auditor shall authorize and direct the recorder of mortgages to cancel the sale. * * * All costs and fees entailed by the erroneous or double assessment shall be deducted from the amount coming to the assessor upon any settlement made with him by the state for his compensation.” (Italics ours.)
These legislative provisions were first enacted by Act 170 of 1898, Section 68, when Articles 230 and 233 of the Constitution of 1898, insofar as pertinent to the present question, in wording almost identical to the two cited present constitutional provisions, similarly provided respectively (a) for the exemption of certain property from taxation and (b) for the annulment of tax sales only after the prior payment to the tax sale purchaser of taxes paid by him and interest, except as to “sales annulled on account of taxes having been paid prior to the date of sale, or dual assessments” (Art. 233, La.Constitution of 1898). Similar constitutional and legislative provisions have been in effect from 1898 to date, indicating to us that the legislature has consistently given the two constitutional provisions in question the same construction as that adopted by us, namely: that the owner of property exempted from taxation by the constitution may have the invalid tax sale thereof annulled without being required to pay the tax sale purchaser for taxes paid by the latter and interest, if the property is improperly sold at tax sale; any more than the owner of property sold under a dual assessment who has previously paid the taxes upon the property is required to do so as a condition to securing annulment of the invalid tax sale.
We could find no jurisprudence directly in point. However, as stated by our Supreme Court in State ex rel. United Seamen’s Service, Inc. v. City of New Orleans, 209 La. 797, 25 So.2d 596, at 598, noted 21 Tul.L.Rev. 147 (1946): “ When the assessment is null and void, being in contravention of the constitution, the nullity of the assessment can be urged at any time.’ ” Although the cited case was a mandamus proceeding to cancel an invalid tax assessment and did not involve the validity of a tax sale made pursuant to an invalid assessment, the language and holding are indicative of the efficacy accorded the constitutional exemption from taxation against efforts to require that taxes be paid upon such constitutionally protected property.[2]
*84 For the foregoing reasons, we find that the District Court correctly annulled the tax sale herein without requiring the owner of the property constitutionally exempt from taxation to refund to the tax sale purchaser the taxes and expenses paid by him.
Affirmed.

. It is outside tlie scope of our decision whether or not, pursuant to Article X, Section 18, La.Constitution, the present tax sale purchaser has a remedy to recover taxes paid by him. But cf., LSA-R.S. 47:2108; cf. also, 47:1991.

. See also Martin v. Louisiana Central Lumber Company, 150 La. 157, 90 So. 553, in which the defendant in a petitory action was held not to be entitled to reimbursement of taxes paid by it during its possession of the property, where the plaintiff who recovered the property was the liquidator of an academy whose property was exempt from taxation.