EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a garnishment contest.
The litigation in the trial court arose in the following manner: In December, 1977, a monetary judgment was rendered in favor of Mr. Hughes and against Vance Morris and Vance Morris Motor Company (the company). The company repaired a customer’s vehicle in March, 1980 and, for the repair bill, he gave an insufficient fund check payable only to Vance Morris, who, in the course of subsequent events, charged the customer with the criminal offense of worthless check. The customer pled guilty to that charge and paid the amount of the check as restitution to the circuit clerk. In an attempt to collect his judgment, Mr. Hughes instituted garnishment proceedings against the circuit clerk for that money. Mrs. Lorene Morris, Vance Morris’s wife, filed her claim to the check proceeds, her contention being, in substance, that she was the owner of the company and was entitled to the check proceeds. The real issue of fact at the jury trial of Mrs. Morris’s contest of the garnishment concerned the ownership of the company.
All facts appearing herein are from the testimony of Mrs. Morris or from exhibits introduced at the trial.
Her husband was the only Vance Morris with whom she was acquainted. Vance Morris had originally owned the company, but, over fifteen years ago, she became its sole owner and operator. It is a sole proprietorship. Tags were bought for five busi *112 ness vehicles in her individual name. For ad valorem tax purposes, she assessed the business equipment, tools and machinery as being owned by “Lorene M. Morris, D/B/A ...” the company, and some business licenses likewise had been issued in that manner, while other such licenses were issued only to the company itself without mentioning Mrs. Morris.
The company name appeared on a sign located at the front of the business; it was placed upon three trucks or wreckers as well as company letterheads and invoices; and it was listed in the telephone directory. In none of those instances did Mrs. Morris’s name appear in connection therewith. Under the company’s name upon the repair invoice appear the printed words, “Serving Huntsville, Alabama for Over 36 Years.”
She is the only person with signature authority as to the company bank account. Mrs. Morris normally works a full business day in keeping the books and paying the five employees and the company bills. Her husband talks to customers, prepares repair bill invoices and orders parts. She does not pay Mr. Morris any salary or wages for his labors. Neither of them do any actual repair or body work. They live upon what they make from the business and file joint income tax returns.
The customer’s check, which had been made payable to Vance Morris for the repair bill, bounced. A replacement check was given by the customer. It was also payable only to “Vance Morris.” It likewise was returned for insufficient funds. Mrs. Morris drafted and mailed a letter to the customer over the company’s letterhead demanding payment of that check. It concluded the demand as follows:
We await your reply.
/s/ Vance Morris
VANCE MORRIS
Vance Morris Motor Company

She testified that she signed her husband’s name to that demand letter. When the customer failed to make the check good, Vance Morris charged him with the criminal offense, which resulted in the payment of restitution of the funds from which arose the present litigation.
At the conclusion of all of the evidence in the garnishment contest, and outside of the presence of the jury, the trial court granted Mrs. Morris’s motion for a directed verdict. When the jury returned, but before the trial court informed them of its action, Mrs. Morris- withdrew her motion for a directed verdict, but the trial court stated that it had already been granted, and later informed the jury to that effect and excused the jury.
• Mr. Hughes timely took his appeal and was the only party to favor this court with a brief.
The applicable rules of review of a trial court’s action in granting a motion for a directed verdict have been aptly summarized in Baker v. Chastain, 389 So.2d 932, 934 (Ala.1980), as follows:
If the evidence presents a mere gleam, glimmer, spark, smallest trace or scintilla to support the theory or to sustain the issue, the trial court must submit the question to the jury. Orange v. Shannon, 284 Ala. 202, 224 So.2d 236 (1969). When a directed verdict is requested, the entire evidence must be viewed in the light most favorable to the opposing party, Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972), and it should be refused where reasonable inferences may be drawn from the evidence unfavorable to the party requesting it or where there is a conflict in any material matter at issue. Baker v. Patterson, 171 Ala. 88, 55 So. 135 (1911). We must allow such reasonable inferences as the jury was free to draw, not merely those inferences which we think more probable. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594 (1967), and cases there cited.
After reviewing the evidence in this light, we have no alternative but to conclude that there was a scintilla of evidence which disputed, or tended to dispute, Mrs. Morris’s claim to be the sole proprietor of the company. Among such evidence lending valid contra inferences to her ownership conten *113 tion was the following: Both checks were payable to Vance Morris individually, who personally, and not being identified thereon as a company representative, instituted the bad check prosecution against the maker of the checks. Vance Morris was the name purportedly signed to and typed on the demand letter just before the typed company name on the demand letter prepared by, signed and sent to the customer by Mrs. Morris. Vance Morris was active in the business which bore his name. When considered with all of the evidence, accumula-tively, those facts, and tendencies therefrom, are such that the trial court should have submitted that factual issue to the jury for its determination rather than granting the motion for a directed verdict. We reverse and remand.
Because different facts and predicates may develop, be established or be omitted at any new trial of the garnishment contest, we pretermit any decision upon any complaint of Mr. Hughes regarding evidentiary matters. Such disputed evidence, or objections thereto, may not be in the same posture after both trials.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.