437 So.2d 339 (1983)
Donald Roy FAUST, Plaintiffs-Appellants,
v.
MITCHELL ENERGY CORPORATION, Defendant-Appellee.
No. 15527-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Rehearing Denied September 29, 1983.
*340 Blackwell, Chambliss, Hobbs & Henry by Frank N. Chambliss, West Monroe, for plaintiffs-appellants, Donald Roy Faust, Parker Town Cemetery Ass'n, and Roy S. Faust.
Hargrove, Guyton, Ramey & Barlow by Joseph L. Hargrove, Jr. and A.L. Wedgeworth, III, Shreveport, for defendant-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
HALL, Judge.
In this concursus proceeding brought by Mitchell Energy Corporation to determine entitlement to the proceeds of a unit well attributable to a three-acre cemetery tract included in the unit, three sets of claimants are involved:
(1) The heirs of A.F. Parker who originally owned a larger tract of land which included the tract on which a community cemetery was established in the late 1800s with the consent of *341 the Parker family, and their mineral lessee;
(2) The Parker Town Cemetery Association, an unincorporated Association composed of residents of the community, which has used and maintained the three-acre tract as a public cemetery, and the Association's mineral lessee; and
(3) The Maxwell heirs whose ancestor purchased a 40-acre tract which included the cemetery property at tax sale in 1931, the sale being made for nonpayment of taxes assessed to A.F. Parker.
The Parker heirs did not answer the concursus petition and after the procedure prescribed by LSA-C.C.P. Art. 4657 was followed, judgment was rendered precluding them from asserting a claim in this proceeding.
After trial between the Cemetery Association and Mitchell Energy, who asserted the Maxwell heirs' claim under a contract by which the Maxwell group agreed to be bound by any judgment rendered in this proceeding, the district court found that neither claimant had established the right to prevail in a possessory action or any title to the land on which the cemetery is located. Accordingly, judgment was rendered declaring that none of the respective sets of claimants is entitled to the proceeds from production from the unit well. The Cemetery Association appealed and Mitchell Energy answered the appeal.
The parties agree that this proceeding is governed by LSA-C.C.P. Art. 3654 which provides:
"When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action."
The Parker Town Cemetery Association contends that it is the owner of the disputed tract of land by virtue of 30-years acquisitive prescription. Alternatively, it contends that it would be entitled to prevail in a possessory action, and is therefore entitled to the proceeds from the unit well. Further in the alternative, the Cemetery Association and its lessee contend that the lessee is entitled to prevail in a possessory action as to the mineral rights because the lessee is presumed to have been producing minerals from this tract and thereby exercising possession thereof by virtue of the conservation unit which has the effect of attributing part of the minerals produced from the unit well to the tract in question. The Cemetery Association further contends that the 1931 tax sale to Mitchell is an absolute nullity because places of burial were exempt from ad valorem taxation under Article 10, § 4 of the 1921 Constitution.
Mitchell Energy contends that the Maxwell heirs are the owners of the tract by virtue of the tax sale, or that as the record owners under the tax sale they have better title than the Cemetery Association and are entitled to the proceeds which are the subject of the concursus proceeding.
The judgment of the district court is correct. In this concursus proceeding involving ownership of immovable property or a real right therein and the ownership of funds in the hands of the party provoking the proceeding, neither of the sets of claimants remaining in the proceeding has established a right to prevail in a possessory action, nor has made out title to the property, *342 nor has proved better title to the property than the other claimant.
In order to maintain a possessory action a party must establish that he has possessed the property quietly and without interruption for more than a year prior to a disturbance. LSA-C.C.P. Art. 3658. The type of possession required in a possessory action is identical to that required to commence the running of acquisitive prescription. Norton v. Addie, 337 So.2d 432 (La. 1976). A person must possess for himself, and as owner. LSA-C.C.P. Art. 3660; LSA-C.C. Art. 3424. The grantee of a real right possesses both for himself and the owner. The grantee is a precarious possessor vis-a-vis the owner insofar as the ownership of the property itself is concerned. Regarding his real right in the property the grantee possesses for himself and thus may bring a possessory action against the owner as well as others to be maintained in the enjoyment of the right granted. LSA-C. C.P. Art. 3656; Parkway Development Corp. v. City of Shreveport, 342 So.2d 151 (La.1977).
The possession of the Cemetery Association and the group of community residents which it represents is precarious and not as owner insofar as the ownership of the property and the mineral rights is concerned. The precise nature of the right of the public or individuals or entities using and maintaining property for cemetery purposes is not clear. However, it is clear from the reported cases that such right, although a real right, is not ownership of the property but is more in the nature of a right of use or servitude or covenant running with the land.
In Locke v. Lester, 78 So.2d 14 (La. App. 2d Cir.1955) the court held that the reservation of a tract of land for use by the public as a burial ground or cemetery and its continuous use by the general public since it was set apart as a burial ground, is legally sufficient to dedicate the property for public use. A parcel of land or property dedicated for use by the general public as a cemetery and which continues to serve that public purpose is classified as a public thing under provisions of the Civil Code and as such is not susceptible of ownership, cannot be alienated, and is not subject to prescription. The court held that the family members who had relatives buried in the cemetery and who cared for and maintained the cemetery had "a species of interest or form of title", citing Humphreys v. Bennett Oil Corporation, 195 La. 531, 197 So. 222 (1940) and Choppin v. Dauphine, 48 La.Ann. 1217, 20 So. 681 (1896). In these latter two cases the court, while holding that the owners of the property on which the cemeteries were located could not engage in activities inconsistent with use of the property as cemeteries, nevertheless impliedly recognized that ownership of the property remained in persons other than the persons who were exercising use and possession of the property for cemetery purposes. See also Thomas v. Mobley, 118 So.2d 476 (La.App. 1st Cir. 1960).
In Vidrine v. Vidrine, 225 So.2d 691 (La.App. 3d Cir.1969) the court held that property used as a cemetery with the consent of the owner of the land was dedicated for cemetery purposes by virtue of the long and exclusive use of the property for these purposes. This dedication is in the nature of an irrevocable covenant running with the land. It is a real right, not a servitude or usufruct, but an implied contractual relationship that binds the owner irrevocably. The essence of the opinion, as noted in a concurring opinion, was that a dedication of a public cemetery results in retention of the naked title by the record owners, subject to an irrevocable dedication for public cemetery use.
The right of the Parker Town Cemetery Association or the public generally is a species of title in the nature of a real right and the Association or the public generally could maintain a possessory action to protect the enjoyment of the right to use, possess, and maintain the property for cemetery purposes. The possession of the Cemetery Association is not as owner of the property and the Association is not entitled to maintain or prevail in a possessory action *343 as it relates to the land itself and the incidents of ownership thereof including the mineral rights therein, as distinguished from the right to possess the property for cemetery purposes only. For the same reasons that the Cemetery Association cannot maintain a possessory action, its claim to ownership by acquisitive prescription must fall.
The alternative claim of the Cemetery Association and its lessee that they are presumed to have been in possession of the mineral rights by reason of production from the unit well, a part of which is attributable to the property in dispute, must also fall. This is a "bootstraps" argument which has no merit in light of the holding that the Cemetery Association has no title to or ownership of the property and has not possessed the property as owner. The drilling of a unit well by others on other property cannot be considered as possession of the mineral rights in and to the subject property by the Association or its lessee sufficient to support a possessory action under LSA-C.C.P. Art. 3665.
The claim of ownership or better title by the Maxwell heirs is based on the 1931 tax sale to their ancestor. The trial court correctly held that the tax sale is an absolute nullity.
Article 10, § 4 of the 1921 Constitution, in effect at the time of the tax sale, expressly exempted "places of burial" from taxation.
In Bostwick v. New Hope Baptist Church, 111 So.2d 201 (La.App. 2d Cir.1959) the plaintiff sought to be recognized as the owner of a 39-acre tract of land he purchased at tax sale in 1941. A portion of the property containing 1.25 acres had been used for many years as a burial ground for the people of the community. The court held that the plaintiff did not acquire a valid title to that part of the property used as a cemetery and that a tax sale of property exempt from taxation is null and void and has no effect. As a cemetery is specifically exempt from taxation under the constitution, there could be no taxes due and therefore no valid tax sale as to any portion actually being used as a burial ground. The court compared the tax sale of exempt property to the sale of the property upon which the taxes have previously been paid which sales, according to settled jurisprudence, are absolute nullities not curable by the prescriptive periods provided in the constitution.
It matters not that title to the property was in Parker at the time of the tax sale and the property was not shown on the tax rolls as cemetery property. The traditional test of exemption is based upon the use of the property for a tax-exempt purpose, rather than upon whether title to the property is vested in a tax-exempt institution. State v. Anderson, 116 So.2d 80 (La.App. 1st Cir.1959); Martin v. Louisiana Central Lumber Co., 150 La. 157, 90 So. 553 (1920).
Mitchell Energy on behalf of the Maxwell heirs argues that there are only three causes for which a sale of property for taxes may be set aside after the lapse of five years after date of registration of the tax deed, namely, prior payment of taxes, continued physical possession by the tax debtor, and no assessment, citing Gulotta v. Cutshaw, 283 So.2d 482 (La.1973). It is argued that the sale of exempt property does not fall into one of these three categories and therefore may not be set aside after the five-year peremptive period has run.
There are numerous cases which hold that a tax sale of property not subject to assessment for taxes is an absolute nullity not protected by the constitutional peremptive period. The Bostwick case discussed above is directly in point. Board of Commissioners Caddo Levee Dist. v. Brooks, 209 So.2d 514 (La.App. 2d Cir.1968) recognized an unbroken line of jurisprudence which holds that a tax sale of public property which is exempted from taxation under the same constitutional article which exempts places of burial is an absolute nullity not protected by the constitutional peremptive period.
*344 See also Richard v. Perrodin, 116 La. 440, 40 So. 789 (1906).
Since the tax sale on which the Maxwell heirs base their claim of title or better title is an absolute nullity it cannot be said that they have a better title than the other claimants.
The district court correctly concluded that neither of the claimants remaining in the proceeding after the Parker heirs were barred from making a claim by reason of failure to answer the concursus petition are entitled to the proceeds from the production from the unit well attributable to the cemetery tract. Accordingly, the judgment is affirmed. Costs of the appeal are assessed equally to the Parker Town Cemetery Association and Mitchell Energy Corporation.
Affirmed.