ALFORD, Judge.
This appeal arises from an action for declaratory judgment wherein plaintiffs, Jimmie Riverie and Joe Ziegler, sought to have a tract of land declared a cemetery and to obtain an order to have defendant, Lewis T. Mills, remove a fence which he erected that allegedly encroaches upon the cemetery.
The property in dispute was transferred by Adolphe F. Cousin to Elmina Ducre, Mr. Ziegler’s grandmother by deed dated August 24, 1909. The deed which was properly entered into evidence contained the following stipulation:
This sale is made with the express condition and stipulation that the land shall be used by the said purchaser as a burying ground or cemetery for herself and assigns. Should at any time the said land be subjected to other uses than as a burying ground or cemetery, then this sale is null and void, and upon returning the purchase price, the present vendor is authorized to retake the said property without compensation of any kind for the buildings or other improvements that may have been put thereon.
This tract of land has been continuously used as a cemetery, however, there are no graves in the disputed area. Both Mr. Riverie and Mr. Ziegler have relatives buried in the cemetery, including Mr. Riverie’s wife and son. Mr. Riverie maintains the cemetery and each year on All Saints Day a work day is held at the cemetery.
A tract of land adjacent to the cemetery was subdivided into residential lots and named the Christy-Lea Subdivision. In 1969, Mr. Mills purchased lot 28 in this subdivision and later erected the fence which plaintiffs contend encroaches upon the cemetery.
At trial, Mr. Herbert Sanders, a licensed surveyor who was accepted by the court as an expert in land surveying, testified that he conducted a survey of the tract in dispute and concluded that Mr. Mills’ fence encroached upon the cemetery boundary by an area of 82.3 by 26.2 feet. A plat of Mr. Sanders’ survey was entered into evidence and reflected the encroachment (see appendix no. 1). The trial court held that the property was a cemetery and that the fence *1052 did encroach upon the cemetery property. The court ordered that Mr. Mills remove the fence to the extent that it encroached over the boundary.
On appeal, Mr. Mills contends that the trial court erred in not applying C.C.P. art. 3654, citing Faust v. Mitchell Energy Corp., 437 So.2d 339 (La.App. 2nd Cir. 1983). We disagree.
Art. 3654 provides:
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
Although Faust was concerned with a cemetery, it involved a concursus proceeding to establish the ownership of mineral interests. Faust is clearly distinguishable from the present case. The present case is in the nature of a boundary action wherein plaintiffs only seek to establish the boundaries and limits of the cemetery property.
Although plaintiffs have no recorded title to the land, they do have a right to bring this action. In Locke v. Lester, 78 So.2d 14 (La.App. 2nd Cir.1955), the court held that the plaintiffs who had no recorded title to burial plots in a cemetery, but whose relatives were buried therein, had capacity to bring an action to establish the boundary between the cemetery and an adjacent tract that was allegedly encroaching upon the cemetery. In Vidrine v. Vidrine, 225 So.2d 691 (La.App. 3rd Cir. 1969), writ refused, 254 La. 853, 227 So.2d 594 (La.1969), the court stated that a plaintiff, who had relatives buried in a cemetery, but did not own an interest in the cemetery, did have a “species of interest or form of title” therein. Vidrine, 225 So.2d at 665.
In Faust, the court in citing Locke, stated that the reservation of a tract of land for use by the general public as a burial ground or cemetery and its continuous use by the public as a cemetery, is legally sufficient to dedicate the property for public use. The court further stated that a tract of land dedicated for use by the general public and which continues to serve that purpose is classified as a public thing under the provisions of the Civil Code and as such, is not susceptible of ownership, cannot be alienated and is not subject to prescription.
Once a tract of land is dedicated for burial purposes, it assumes a sacred quality. Mr. Riverie and Mr. Ziegler have a strong interest in preserving the boundaries of the cemetery, not only because they have relatives buried in the cemetery, but they may also wish to be buried near these departed relatives. In light of the above jurisprudence, the cemetery is not subject to ownership or alienation, therefore, the encroaching fence must be removed.
After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in finding that Mr. Mills’ fence encroached upon the boundaries of the cemetery and in not applying La.C.C.P. art. 3654. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mr. Mills next contends that the trial court committed manifest error in finding that plaintiffs had proved the location of the Dubuisson cemetery. The 1909 deed entered into evidence by plaintiffs states that the cemetery in question is located adjacent to the Dubuisson Cemetery. Also, the point of commencement in Mr. Mills’ *1053 property description is the northwest corner of the Dubuisson Cemetery.[1]
Mr. Mills contends that Mr. Sanders could not find any description of the Du-buisson Cemetery in conducting his survey and therefore could not have determined the proper location of the cemetery in question. In its reasons for judgment, the trial court stated:
Defendant questions the validity of the Sanders survey, basically because of the manner in which Mr. Sanders determined the location of the northwest corner of the cemetery. Mr. Sanders testified that surveying the cemetery was a complex problem, because of the vagueness in the land titles. He noted that the physical evidence on the ground was stronger and more illustrative than the verbiage found in the deeds. He located an iron rod that he determined to be the northwest corner of the cemetery. This iron rod was given special weight, because it coincided with what he determined to be the north line of the cemetery. Mr. Sanders concluded, and this Court finds, that his survey was the result of and based upon sound land surveying principles, under the circumstances. Further, there is no other expert testimony that conflicts with the conclusions of Mr. Sanders. Consequently, the survey and plat prepared by Mr. Sanders under date of August 3, 1979, (P-6), is accepted by the Court as valid and determinative of the issues in this case.
The majority of Mr. Sanders’ survey was conducted by examining old fence lines and other physical evidence on the ground. Mr. Sanders testified that surveyors have a pecking order of importance when conducting a survey. He stated that the most important evidence on any tract of land is the physical evidence on the ground and not documents. A survey predicated on §ound surveying principles and procedures should be accepted unless the record shows that it is incorrect. Barham v. Department of Highways, 431 So.2d 899 (La.App. 2nd Cir.1983), writ denied, 438 So.2d 1111 (La.1983).
After a careful review and evaluation of the record, we find that plaintiffs proved the location of the Dubuisson Cemetery and the boundaries of the cemetery in question by a preponderance of the evidence. We find no manifest error on the part of the trial court.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendant, Lewis T. Mills.
AFFIRMED.
*1054 APPENDIX No. 1

. We note that the northwest corner of the Du-buisson cemetery was erroneously referred to as the southwest corner in Mr. Mills' property description and on the survey of Mr. Mills’ lot.