Dear Mr. LeJeune:
You have requested an opinion of the Attorney General relative to the eligibility, vel non, for ad valorem tax exempt status of property bequeathed to, and owned by, the Louisiana Baptist Foundation (Foundation). The Foundation, a non-profit 501(c)(3) organization, has requested you to remove this acreage from the tax roll and refund prior years' taxes it believes were erroneously paid.
Foundation staff have advised us that the land, in question, is being leased to a farmer. While the farmer pays no rent, the Foundation receives 35 percent of the proceeds derived from the sale of the crops harvested.
The exemption urged by the Foundation is found at La. Const. Art. VII, Section 21 (1974). It provides, in pertinent part, the following:
 Section 21. In addition to the homestead exemption provided in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (B)(1) Property owned by a non-profit corporation or association organized and operated exclusively for religious purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
Initially, it should be noted that exemptions from taxation are strictly construed. See Ruston Hospital v. Riser 191 So.2d 665
(La.App. 2nd Cir. 1966). In Mattingly v. Vial 193 La. 1,190 So. 313 (1939) our Supreme Court held:
 "There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal."
Addressing the issue of exemption, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under La. Const. Art. VII, Section 21(B), the property must meet all of the four basic requirements of said Article, to wit:
 1. The organization must be a non-profit corporation organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said non-profit corporation must be exempt from federal or state income tax;
 4. None of the property of the non-profit corporation is owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation.
See Opinions of the Attorney General Nos. 92-361, 88-359, 84-159, and 75-270.
Assuming the Foundation and subject property meet requirement numbers 1-3, above, we find that leasing the property for agricultural purposes fails to satisfy the fourth prerequisite. In reaching this conclusion, we are guided by the jurisprudential test of exemptions set forth in Ruston Hospital, Inc. v. Riser, cited supra. Therein, the Court held:
 "We find no merit in the argument on behalf of plaintiff that it is exempt from taxation on the ground that it is a non-profit institution organized for charitable purposes administered by members of a Board of Trustees who serve without compensation. It is the use of the property and not the nature and purpose of the corporation which constitutes the test of the right to exemption from taxes. . . ." (Emphasis added.)
See also Faust v. Mitchell Energy Corporation 437 So.2d 339
(La.App. 2nd Cir. 1983), Rehearing Denied.
The property in question is being leased by the Foundation for purposes wholly unrelated to the tax exempt purposes for which the Foundation was organized — religious. Neither does the property fall into the exception of being connected to the actual operation of the Foundation. See Hotel Dieu v. Williams410 So.2d 111 (1982).
In conclusion, we are of the opinion that the property in question does not meet the constitutional test requisite for it to be exempt from ad valorem taxes.
I trust this answers your inquiry. If we can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0032R