Dear Mr. Benoit:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of a private foundation/nonprofit corporation called "Le Petit Chateau De Luxe" (Foundation). You state that a property owner in Acadia Parish, Mr. Lovic C. Desormeaux, has donated all of his real property in Ward 5 of Acadia Parish to the Foundation. He has been named as president of the Foundation and is asking that all of the real property, including improvements thereon, be tax exempt. You enclose with your opinion request a printout of the property assessment which includes several hundred acres of farmland and two rural houses, a copy of the donation, a copy of the Articles of Incorporation, and a written ruling from the Internal Revenue Service granting a federal income tax exemption to the Foundation. You ask whether the Foundation should be exempt from the payment of ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by Article VII, Section 18(E), of the 1974 Constitution to the Louisiana Tax Commission (Commission). See Attorney General Opinion Nos. 93-488, 93-392, 92-660, 89-599, 86-529, and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you and the Commission as to the applicable law which may be used in making such a determination.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Any plausible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally, and affirmatively established. Zapata Haynie Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), Writ Denied.
A review of the Donation Inter Vivos by Lovic C. Desormeaux, Sr., to the Foundation reveals that the consideration for the donation is "love of God and religion, education and charity." Further, the Articles of Incorporation of the Foundation state that it is to be operated "exclusively for religious, charitable and educational purposes."
Article VII, Section 21 provides, in pertinent part, the following:
 " § 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association."
Addressing the issue of exemption, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under La. Const. Art. VII, Section 21(B), the property must meet all of the four basic requirements of said Article, to wit:
 1. The organization must be a nonprofit corporation organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation must be exempt from federal or state income tax;
 4. None of the property of the nonprofit corporation is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
As previously discussed, the Federation's Articles of Incorporation state that it is a nonprofit corporation operated exclusively for religious, charitable and educational purposes, the net earnings or assets of which will not be distributed to the benefit of its stockholders, directors, or officers. Further, it is exempt from the payment of federal income tax. This brings us to the fourth and final criterion — i.e., that the property seeking exemption be used solely for the exempt purposes of the Foundation.
We again emphasize that it is your responsibility, as assessor, subject to review by the Commission and/or the judiciary, to resolve the "use" issue. In making this determination, we recommend you apply the simple test derived by our courts. Thus, the traditional test of exemption is based upon the actual use of the property for a tax exempt purpose, rather than whether title to the property is vested in a tax exempt institution. Faust v. Mitchell Energy Corp., 437 So.2d 339
(La.App. 2nd Cir. 1983) and State v. Anderson, 116 So.2d 80
(La.App. 1st Cir. 1959). It would appear that you may need to examine the activities of the Foundation to verify an appropriate use for tax exempt purposes.
I am enclosing copies of Attorney General Opinion Nos. 75-270, 78-1522, 79-861, 84-159, 88-359, 92-408, 92-740, 93-488 for your reference to illustrate uses that have been determined permissible and impermissible for purposes of tax exemption.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb Enc. 0174R