Dear Mr. Dean:
You have requested an opinion of the Attorney General regarding the tax exempt status, vel non, of a tract of land owned by a church. The church acquired three tracts of land, two of which are contiguous. A church and parking lot were constructed on these two tracts. The third tract is vacant, unused and has been placed on the market for sale by the church.
You ask whether tax exempt status can be afforded to all three tracts or just the two contiguous tracts being used for the church and its parking lot.
The exemption to which you refer is found at Article VII, Section21 of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 "(B)(1)(a) Property owned by a non-profit corporation or association organized and operated exclusively for religious . . . purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation." (Emphasis added.)
Initially, it should be noted that exemptions from taxation are strictly construed. Ruston Hospital v. Riser, 191 So.2d 665
(La.App. 2nd Cir. 1966). In Mattingly v. Vial,193 La. 1, 190 So. 313 (1939) our Supreme Court held:
 "There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal."
Addressing the issue of exemption, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under Article VII, Section 21(B), the property must meet all of the four basic requirements of said Article, to wit:
 1. The organization must be a nonprofit corporation organized exclusively for one of the designated purposes (i.e., religious);
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation must be exempt from federal or state income tax;
 4. None of the property of the nonprofit corporation is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
In accord are Attorney General Opinion Nos. 92-740, 92-361, 88-359, 84-159 and 75-270.
Assuming the church meets all four of the above requirements, it would appear that the two contiguous tracts of land, upon which the church facility and parking lot are located, are exempt from ad valorem taxation.
With regard to the third tract of land, it is the opinion of this office that since said tract constitutes unoccupied or vacant land, it is not being "operated" in any respect. As such, it is not carrying out the religious function or purpose necessary for the exemption to attach. In accord is Attorney General Opinion No. 79-861.
In reaching this conclusion, we are guided by the jurisprudential test of exemptions set forth in Ruston Hospital, Inc. v.Riser, cited supra. Therein, the Court held:
 "We find no merit in the argument on behalf of plaintiff that it is exempt from taxation on the ground that it is a nonprofit institution organized for charitable purposes administered by members of a Board of Trustees who serve without compensation. It is the use of the property and not the nature and purpose of the corporation which constitutes the test of the right to exemption from taxes. . . ." (Emphasis added.)
Also, Faust v. Mitchell Energy Corporation, 437 So.2d 339
(La.App. 2nd Cir. 1983), Rehearing Denied.
We further note that the unoccupied vacant tract of land does not fall into the exception of being connected to the actual operation of the church under the theory espoused by the Louisiana Supreme Court in Hotel Dieu v.Williams, 410 So.2d 111 (1982).
In conclusion, it is the opinion of this office that the two contiguous tracts of land owned by the church, upon which the church facilities and parking lot are located, are exempt from ad valorem taxation. The third tract which is vacant, unoccupied, unused and for sale enjoys no such exemption.
We hope this opinion adequately addresses your inquiries. If we can be of any further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe