Dear Mr. Slay: from ad valorem taxation.
In your opinion request to this office, you posed several questions regarding the tax exempt status of property owned by public or non-profit corporations leased for private purposes as determined under the guidelines of Article VII, Section 21, Paragraphs (A) (B) of the Louisiana Constitution. That section reads as follows:
Section 21. Other Property Exemptions
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes.
 (B)(1) Property owned by a non-profit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax.
* * *
Your questions are:
1. Does a building owned by a hospital but leased to a group of private individuals and to a pharmacist still enjoy this exemption?
2. Is the land exempt?
3. Does a city owned golf course leased to a group for a private club remain exempt from property taxes?
4. Do church owned nursing homes which receive either medicare or medicaid as privately owned nursing homes enjoy an exemption from property taxes by reason of Article VII, Section 21 (B)(1)?
You also cited Attorney General Opinion No. 89-599 for reference as it applies to your request. Attorney General Opinion No. 89-599 is correct inasmuch as it addresses public property leased to a private entity for private purposes, however, it does not cover all situations presented in your request. Attorney General Opinion No. 79-861 directs itself to a number of situations, including all of those noted in your request, and furnishes a helpful checklist for determining an Article VII, Section 21 exemption. I adopt Attorney General Opinion No. 79-861 in toto for this opinion and have enclosed a copy as reference for you. Also, I note Attorney General Opinion No. 79-861 for discussing Louisiana's jurisprudence that a constitutional or statutory grant of exemption from taxation must be strictly construed in favor of the state or the taxing body, and against the taxpayer desiring exemption.
Now I will answer the four questions you have presented in your opinion request. For question one, even though the hospital may satisfy the requirements of a non-profit corporation, the lease of the hospital's property to private individuals would exclude the property from exempt status unless the lessees also satisfy the non-profit corporation or association requirements, and no part of the net earnings flowing from the property inure to the benefit of any private shareholder or member thereof as per the language of Article VII, Section 21, Paragraph (B)(1)(a).
As for question two, the land would likewise not qualify for tax exempt status based on two different approaches. The first approach is to merely extend the rationale used to answer question one to the situation at hand. Article VII, Section 21 (B)(1)(a) simply states "property" without elaborating further. Could the lessees be said to have use of the building and not have use of the land underneath the building? Secondly, Louisiana's courts have derived a simple test for aiding the determination of whether or not property enjoys tax exempt status based on Article VII, Section 21. The traditional test of exemption is based upon the use of the property for a tax exempt purpose, rather than upon whether title to the property is vested in a tax exempt institution. Faust vs. Mitchell Energy Corp.,437 So.2d 339 (La.App. 2d Cir. 1983): State vs. Anderson,116 So.2d 80 (La.App. 1st Cir. 1959).
Unlike the two prior questions, the third question involves property owned by a public body and not a non-profit corporation or association. Therefore, this question is more in line with your Attorney General Opinion No. 89-599 which you cited in your opinion request. Article VII, Section 21 (A) covers the exemption from ad valorem taxation given public property and reads in part:
* * *
 "the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes."
As stated in Attorney General Opinion No. 89-599, there is, "no doubt that property owned and used by the city for a public purpose is not subject to ad valorem taxation, and "the fact that public property is leased to private business does not preclude it from being for a public purpose which would likewise be exempt." However, your question poses the situation of a city-owned golf course leased to a group for a private club. The Louisiana Supreme Court, in Slay vs. Louisiana Energy and PowerAuthority, 473 So.2d 51 (La. 1985), a case with which I am sure you are familiar, stated:
 "Louisiana Constitution Article VII, Section 21
(A) exempts public property used for public purposes from ad valorem taxation . . . . In order to be exempt under the article the property must be public, and it must be used for a public purpose."
Further, another court addressed a situation somewhat like yours and stated:
 "To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable." Schulingkamp vs. Heaton, 455 So.2d 1181 (La.App. 4th Cir. 1984).
There is no doubt that a city owned golf course leased to a group for a private club does not satisfy the requirement that the property be used for a public purpose.
Your final question is addressed by Attorney General Opinion No. 79-861. As long as the church owning the nursing home satisfies the requirements of a non-profit corporation or association and the income-generating activity falls under one of the activities listed in Article VII, Section 21 (B)(1)(a), it would appear that the source of funds used to pay for the services of the nursing home would be immaterial. Likewise, unless medicare or medicaid benefits are not to be paid to nursing homes owned by non-profit corporations or associations, it is our opinion that a church in the situation you have described would be exempt from paying ad valorem property taxes on the nursing homes it owns.
We hope this information is sufficient and of benefit to you; and if we may be of further help, please feel free to call upon us at any time.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ HAROLD LOUIS LEE Staff Attorney
HLL/tp