455 So.2d 1181 (1984)
Oliver P. SCHULINGKAMP
v.
E. Henry HEATON and the City of New Orleans.
No. CA-1166.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
Rehearing Denied September 27, 1984.
Writ Denied November 26, 1984.
Paul A. Bonin, New Orleans, for plaintiff-appellee.
Salvador Anzelmo, City Atty., Joseph N. Naccari, Deputy City Atty., New Orleans, for defendants-appellants.
Before KLEES, BYRNES and WILLIAMS, JJ.
KLEES, Judge.
This appeal is from a suit filed by Oliver P. Schulingkamp for recovery of ad valorem taxes paid under protest to the City of New Orleans for the years 1980 and 1981. The matter was submitted to the trial court on the basis of documentary evidence and stipulations. Judgment was rendered in favor of the plaintiff, Oliver P. Schulingkamp and against the defendants the City of New Orleans and its assessor E. Henry Heaton. It is from this judgment that the defendants appeal. The issues presented on appeal are 1) whether the improvements taxed by the City are owned by the plaintiff, and (2) if the improvements in question are owned by the plaintiff, then are they subject to the Homestead Exemptions from Ad Valorem taxation as set forth in Article 7, Section 20(A) of the Louisiana Constitution of 1974. In ordering the defendants refund the taxes paid by plaintiff under protest the trial court found that plaintiff was not the owner of the land or the improvements in question and that they were exempt from real estate ad valorem taxes. We disagree and reverse.
On November 26, 1973, plaintiff, Oliver P. Schulingkamp, purchased from Mc-Donald Stephens, all of his right, title and interest in and to Boat House No. N43, located in the City of New Orleans on the North side of New Orleans Marina, which rested on land and water bottom owned by the Board of Commissioners of the Orleans Levee District (Levee Board) leased to plaintiff. The boat house is used as plaintiff's principal residence.
The Levee Board's land is exempt from Ad Valorem Taxes under Article 7, Sec. 21 (A) of the 1974 Louisiana Constitution. The defendant, Assessor E. Henry Heaton, assessed Ad Valorem taxes on the boat house (improvements only) but refused to *1182 allow a Homestead Exemption to plaintiff. The plaintiff appealed to the Louisiana Tax Commission who upheld the Assessor's position. The taxes for 1980 and 1981 were paid under protest and this suit was timely filed under Louisiana law. All of the above facts have been stipulated to with the exception of ownership to the boat house (improvements only).
Plaintiff Schulingkamp, contends that he is not the owner of the improvements. Defendant contends that Schulingkamp is the owner of the improvements (boat house only). What Schulingkamp purchased in this instance was the right to use a building and improvements situated upon land owned by the Levee Board. The original external structure which has been improved was constructed by the Levee Board upon its property. Lessee's contract to use and enjoy this property and are permitted to improve it.
The defendants/appellants argue that the plaintiff is the owner of the improvements situated on Site #N-43 in the Orleans Marina. They state that Section XI of the lease governs the ownership of any improvements or constructions made on the property. Section XI states:
"At the expiration of this lease or the cancellation or termination thereof for other lawful cause, the title to all improvements or construction placed on the leased site by Lessee, shall, ipso facto, be vested in the Lessor, without payment or compensation for the costs or value thereof."
Under the terms of the lease they argue that ownership of improvements is vested in the lessee until such time as the lease expires, is cancelled or terminated at which time title becomes vested in the lessor.
We conclude that this section supports such a proposition.
In City of New Orleans v. S.P. Russ, 27 La.Ann. 413 (1875), the plaintiff sued to recover taxes assessed on buildings and improvements on certain lots, which belonged to the Poydras Female Orphan Asylum. The lots were leased to the defendant's transferrer for a term of fifty years. The defendant argued that as the property belonged to a tax exempt institution, the buildings and improvements thereon were not subject to taxation. By the terms of the lease the defendant was to build and improve the lots and at the expiration of the lease the asylum would purchase the improvements. The court reasoned that since one could not buy what already belonged to him, then the defendant was the owner of the improvements and liable for the taxes.
The lease provision in question in this case provides for the vesting of title in the Levee Board upon termination, cancellation, renewal, or expiration of the lease. By the same logic how could ownership vest in one who already owns the improvements. The Supreme Court dealt with a similar lease provision in Burbank v. Board of Assessors, 52 La.Ann. 1506, 27 So. 947 (La.1900). It held that until such time as the ownership of the property reverted to the City of New Orleans at the expiration of the lease term that the property was taxable by the City. The Court did not agree with the defendant's argument that he was not the owner of the improvements, and therefore it was to be tax exempt.
La. Const. Article 7 § 18(B) designates improvements for residential purposes as property subject to ad valorem taxation.[1] The improvements in question here are used as the plaintiff's residence and as such are taxable by the City of New Orleans. Allowing improvements on tax exempt property to be themselves tax exempt *1183 when used for a private purpose would lead to a very inequitable result in this City's tax scheme. To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable. We do not believe the tax exemption scheme for public lands was intended to allow some more fortunate individuals to escape taxation by the fact that they lease and reside on public lands. We find that by the terms of the lease with the Levee Board it was intended that the lessee own any improvements until the lease term expired, was cancelled or terminated and that the lessee is therefore liable for ad valorem taxes.
Having reached this conclusion, we must decide if these improvements are subject to the Homestead Exemption from ad valorem taxation.
We agree with the reasons set forth by the trial court denying entitlement to the benefits of a homestead exemption to the plaintiff. The Constitution provides an opportunity for legislative action under La. Const. Art. 7 § 20(B) and to date there has been no relief given in the form of a homestead exemption to residential lessees.[2]
Accordingly, for the reasons stated above, we reverse the judgment of the trial court and grant judgment in favor of defendants E. Henry Heaton and the City of New Orleans and against plaintiff Oliver P. Schulingkamp, dismissing plaintiff's action.
REVERSED.
NOTES
[1] (B) Classification. The classification of property subject to ad valorem taxation and the percentage of fair market value applicable to each classification for the purpose of determining assessed valuation are as follows:

1. Land 10%
2. Improvements for residential
 purposes 10%
3. Electric cooperative properties,
 excluding land 15%
4. Public service properties, excluding
 land 25%
5. Other property 15%

[2] (B) Residential Lessees. Notwithstanding any contrary provision in this constitution, the legislature may provide for tax relief to residential lessees in the form of credits or rebates in order to provide equitable tax relief similar to that granted to homeowners through homestead exemptions.