Dear Mr. Arnold:
You have requested an opinion of this office concerning taxation of batture property along the Mississippi River in your district. It is the opinion of this office that you are correct in your belief that batture property, in commerce, is subject to taxation. The Louisiana Supreme Court came to this conclusion in Mathis v. Board of Assessors, 16 So. 454 (La. 1894), where it stated:
 "We are not at liberty to hold that land, although between the levee and the river, is not subject to taxation when used by the front proprietor for the purposes of revenue or otherwise. The ownership of such land, in a certain sense, is recognized by the Code, and in this case the rights of private ownership have been asserted by the plaintiff. Under such circumstances we think the land is subject to taxation."
Next, you have asked if such land is owned by a tax exempt body, but leased to another party and used in a commercial venture, would you be justified in assessing the property? Further, if the land is taxable, which party should be assessed?
In order for the property to remain tax exempt, the lessee would also have to meet tax exempt requirements or the use of the property must be for a public purpose. The Louisiana Supreme Court addressed this issue in Slay v. Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985), where it stated:
 "Louisiana Constitution Article VII, Section 21(A) exempts public property used for public purposes from ad valorem taxation. . . . In order to be exempt under the article the property must be public, and it must be used for a public purpose." (emphasis added)
Another court approached a question somewhat like yours in Schulingkamp v. Heaton, 455 So.2d 1181 (La.App. 4th Cir. 1984), where it stated:
 "To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable."
Granted, the court in Schulingkamp was asked to determine the status of leasehold improvements only, and not that of the land itself. However, the court's reasoning is clear; and it would seem the result would be the same if the court had also been asked to determine the status of the land.
It is the opinion of this office that if land is owned by a public body and leased to a private party for a commercial venture, the lessee/tenant should be liable for taxes assessed on both the land and the structures located thereon. In other words, the lessee should be liable for taxes on the entire leasehold, including the land, since it is not being used for a public purpose. Not to tax such property would be inequitable when compared to batture property under the same facts.
Addressing your last question, you have asked how many years you may go back and assess formerly exempt property as discussed above? This situation is covered under La. R.S.47:1966 which states: "No back taxes for more than three years shall be assessed against omitted or improperly assessed property."
We hope this information is sufficient and of benefit to you; and if we may be of further help, please feel free to call upon us at any time.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: HAROLD L. LEE Attorney
HLL/tp