Dear Ms. Butler:
You have requested an opinion of the Attorney General regarding the ad valorem tax liability, vel non, of the Gaslight Square Apartments and the Willowbrook Apartments, both of which are owned by the Louisiana Housing Finance Agency (the "Agency"). Attached to your request are two real estate tax bills issued by the Department of Finance for the City of New Orleans. The bills are in the amount of $177,234.73 and $75,064.12. Both are marked "DELINQUENT". You specifically ask whether the properties are subject to the assessment for ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular agency may be exempt from the payment of advalorem taxes is a factual determination exclusively reserved by Article VII, Section 18(E) of the 1974 Louisiana Constitution (the "Constitution") to the Assessor, the parish governing authority, the Louisiana Tax Commission and the Courts. See Attorney General Opinion Nos. 96-320, 93-392, 92-660, 89-599 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, the following represents applicable laws and jurisprudence which may be used by the appropriate authorities in making individual decisions.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the tax payer desiring the exemption. Any plausible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established.Zapata Haney Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), writ denied. With these principles in mind, we focus now upon the issue presented in your request.
Article VII, Section 21 of the Constitution, provides, in pertinent part, the following:
 "§ 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes."
The above provision is distinguishable from its predecessor found in Article X, Section 4 of the 1921 Louisiana Constitution ("1921 Constitution"). It reads:
 "§ 4. The following property, and no other, shall be exempt from taxation:
 1. Public property. All public property."
The fact that the Constitution imposes no requirement that public lands be used for public purposes leads us to the conclusion that any and all public lands are uncategorically exempt from advalorem taxation regardless of the purpose for which said public lands are used. We find support for this conclusion in Slay v.Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985) andSchulingkamp v. Heaton, 455 So.2d 1181 (La.App. 4th Cir. 1984).
Conversely, public property would be subject to ad valorem taxes if said property was not used for a public purpose or if it did not fall within one of the constitutionally created tax exempt classifications found in Article VII, Section 21. As previously noted, Section 21, when referring to the tax exempt status of public property, other than public lands, imposes a two-fold requirement that:
1. Title to the property must vest in the public; and
2. The property must be used for a public purpose.
We believe the necessity of meeting both criteria is clearly recognized by the Louisiana Supreme Court in the Slay case, citedsupra. Justice Callegaro, writing for the Court, initially addressed the issue of the public status, vel non, of the agencies involved and determined that both constituted units of local government and/or political subdivisions of the state. Thus, the property owned by these agencies constituted "public property" for purposes of Section 21(A). Shifting its focus to the second requirement, the Court stated:
 "The second requirement for ad valorem tax exemption is that the public property be used for a public purpose."
The Court found that the agencies in question provided the economical supply of electrical power and energy to participating municipalities, which service constitutes a public purpose. Thus, the two-fold test was met.
In the instant case, the Agency is created pursuant to R.S.40:600.3. It provides, in pertinent part, the following:
 "There is hereby created a public body corporate and politic known as the Louisiana Housing Finance Agency. The agency shall be a political subdivision and instrumentality of the state, allocated to the Department of the Treasury . . . ."
As can be gleaned from the above, the Agency constitutes a political subdivision of the state and a public body. Consequently, title to the properties in question vests in the public. We turn now to the second requirement, to-wit: that the property must be used for a public purpose.
R.S. 40:600.1 sets forth the legislative findings and the declared function of the Agency. In summary, this section provides that the purpose of the Agency is to coordinate housing programs administered by the State or its agencies and instrumentalities and to generate adequate funding so that private enterprise and investors are encouraged to sponsor, build and rehabilitate residential housing for persons and families of low income. We have been advised by the Agency that the two properties in question fulfill the purpose of providing housing for persons and families of low to moderate income. This office has consistently opined that the provision of low-income housing constitutes a public purpose. Attorney General Opinion Nos. 79-599, 79-861 and 93-246. Accordingly, we believe the property has met both requirements of Section 21(A).
Parenthetically, it should be noted that R.S. 40:600.15 supports the tax exempt status of the Agency's property. It provides, in pertinent part, the following:
"§ 600.15. Exemption from taxes
 It is hereby determined that the creation of the agency and the carrying out of its public functions and corporate purposes is, in all respects, a public and governmental purpose for the benefit of the people of the state, and for the improvement of their health, safety, welfare, comfort and security in that said functions and purposes are public purposes and that the agency will be performing an essential governmental function in the exercise of the powers conferred upon it by this chapter. The money, assets, revenues and operations of the agency shall be exempt from all taxation by the state or any of its political subdivisions."
Accordingly, we are of the opinion that the authorities discussed above, when applied to the facts presented herein, support a finding by the appropriate authorities that the properties are exempt from ad valorem taxation.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob[3]/cla