Dear Mr. Dean:
You have requested an opinion of this office regarding a facility under construction by the LaSalle Hospital District #2, to be utilized as a combination physical therapy and home health care center. Specifically, you are interested in determining whether the facility property, both real and personal, should be added to the tax roll if the property is leased to tenants not directly affiliated with the Hospital Service District.
It is incumbent upon us to point out that the determination as to whether a particular taxpayer is exempt from the payment of ad valorem taxes is a factual determination which must be made by the assessor and the Louisiana Tax Commission. La. Const. Art.VII, Sec. 18(E); Atty. Gen. Op. Nos. 92-660, 89-599 and 76-114. However, even though this office does not have the authority to determine whether the particular property in question is entitled to an exemption, we can assist you by providing you with information regarding the applicable law which may be used in reaching your decision.
The jurisprudence of this state has consistently provided that constitutional and statutory exemptions from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring or requesting the exemption. An exemption is an exceptional privilege and must be clearly, unequivocally and affirmatively established. Zapata Haynie Corp. v.Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), writ denied.
La. Const. Art. VII, Sec. 21 pertinently provides:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes." (Emphasis added).
Since LaSalle Hospital District #2 is a public entity, property owned by it is `public property'. Slay v. La. Energy Power Authority, 473 So.2d 51 (La. 1985). A determination must then be made as to whether the property is being used for a public purpose. Slay, supra. If the property is leased to a private entity strictly for private purposes, it is not entitled to an exemption and is subject to assessment.Schulingkamp v. Heaton, 455 So.2d 1181 (La.App. 4th Cir. 1984), writ denied.
 "Allowing improvements on tax exempt property to be themselves tax exempt when used for a private purpose would lead to a very inequitable result in this City's tax scheme. To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable. We do not believe the tax exemption scheme for public lands was intended to allow some more fortunate individuals to escape taxation by the fact that they lease and reside on public lands." Schulingkamp, supra.
Conversely, the fact that public property is leased to a private entity does not preclude it from being for a public purpose so as to be exempt. Atty. Gen. Ops. Nos. 92-408 and 89-599. It is incumbent upon you to consider the actual activities of the lessee(s), and the use of the particular property in question, as well as any other relevant factors, in order the determine if use of the property relates to a public purpose.
It is the opinion of this office that if property serves a governmental function or is reasonably related to a governmental function, then the property should be determined to be exempt from taxation. Atty. Gen. Ops. Nos. 92-408 and 89-599.
Please be advised that Atty. Gen. Op. No 89-599 determined that even if property will produce revenues which go toward financing governmental functions, that would not be sufficient to bring property within the purview of the exemption. Nor would such ancillary public benefits as increased employment opportunities, increased tourism, or aesthetic improvements to the area be considered such incidental governmental functions as to bring the property within the constitutional tax exemption.
For your further information and convenience, I am enclosing copies of the opinions mentioned herein. We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra
Enclosures
Received: Released:
Jeanne-Marie Zeringue Barham Assistant Attorney General
Attachment
 State of Louisiana DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. 7TH FLOOR ATTORNEY GENERAL 2-3-4 LOYOLA BUILDING NEW ORLEANS 70112
OPINION NUMBER 92-660
OCTOBER 21, 1992
OPINION NUMBER 92-660
119 Taxation-Exemptions, general 122 Taxation-Exemption from Mr. Albert I. Donovan, Jr. property taxes — new industry Executive Counsel to the Governor Office of the Governor General discussion of factors Post Office Box 94004 to be considered by State Baton Rouge, LA 80804-9004 Board of Commerce and Industry and Governor in deciding to grant tax exemption to new industries.