Dear General Guste:
I am writing to ask for your legal opinion on the two questions raised in the contents of the attached.
Sincerely,
Stewart Walker Chief Administrative Officer
SW:cdb
cc: Mr. Winston Redick
MEMORANDUM REGARDING D.H. HOLMES CANAL STREET BUILDING
For the intended purposes of the Canal Street Development Corporation project, D.H. Holmes Canal Street Property will be owned in "fee simple" by the Public Benefit Corporation. The building will have to be substantially repaired.
It is the intention of the builder to gut the building and put in all of the necessities for a hotel operation, as well as to restore the elevations as far as possible to their original position for historic renovation benefits.
The lease between the Public Benefit Corporation and the proposed developer will provide that it is the obligation of the City to pay the taxes on the shell, since the City retains title; but the title to the leasehold improvements will belong to the developer, and the developer will pay taxes on the leasehold improvements.
This problem was apparently explained to the Assessor. The Assessor has doubts as to whether these separate assessments can be made.
It has been pointed out that in Place St. Charles, these assessments were made. The building in the shell form was assessed, and each of the tenants were separately assessed for their leasehold improvements.
The question is a simple one: Is there any legal impediment to the assessment of the land and the building that remains to the City (even though exempt), and an assessment or the leasehold improvements to the lessee and owner of the leasehold improvements?
The City of New Orleans created the Canal Street Development Corporation pursuant to the public benefit law provisions. The requirements of La. R.S. 41:1215 and others relating to the corporation were met, and the corporation was approved by the City Council. The shares of stock are held by the Mayor for the benefit of the City of New Orleans.
Dillard's, the firm which acquired D.H. Holmes, donated the Central Business District D.H. Holmes Property to Canal Street Development Corporation (the "Public Benefit Corporation"). This property consisted of:
(a) A fee interest in property fronting Canal Street, and then T-ing off Bourbon and Dauphine, and property on Iberville Street.
(b) Leasehold interest on property on Iberville Street and Canal Street.
The purpose of the Public Benefit Corporation and the donation from Dillard's required inter alia that the property be used for the restoration, improvement and development of the CBD, and more particularly the Canal Street area.
It is the purpose of the Public Benefit Corporation to lease this property to a developer. The developer proposes to spend approximately $20,000,000 in improving the property and an additional sum in removing toxic waste and asbestos, which at this time mitigates against the use of the property. The property will be converted into a hotel, an entertainment center, the parking garage will be continued, and portions of the property in the rear on Iberville Street will be used for moderate-priced permanent residences.
This was the highest and best use for this area for the improvement, expansion, restoration and development of the Canal Street area by the Urban Land Institute.
The Public Benefit Corporation will retain title to the property in which it has ownership interest, and will be the sublessor of the property in which it has a leasehold interest. The improvements will be the property of the lessee.
It is the opinion of the Public Benefit Corporation and the developer that the property owned by the City, which will be leased for the public purpose of expansion, restoration, improvement and development of the downtown area, as well as the restoration of this building to its original historic elevations, despite the rental to be received by the City, should be exempt from ad valorem real estate taxation.
We are requesting your opinion in this connection at this time.
For convenience, we refer you to Constitutional Article VII, Section 21; Slay v. Louisiana Energy and Power Authority,473 So.2d 51; and Schulingkamp v. Heaton, 455 So.2d 1181
(although we believe this latter case is clearly distinguishable).
Attachment
OPINION NUMBER 92-408
OCTOBER 8, 1992
119 Taxation-exemptions, general State of Louisiana Taxation-levy and assessment DEPARTMENT OF JUSTICE (Ad valorem taxes) Baton Rouge LA Const. Art. 7, Sec. 21 Faust
RICHARD P. IEYOUB 70804-9005 vs. Mitchell Energy Corp., ATTORNEY GENERAL 437 So.2d 339 (La.App. 2d Cir. 1983) Slay vs. LA Energy and Power Authority, 473 So.2d 51
(La. 1985) Shulingkamp vs. Heaton, 455 So.2d 1181
(La.App. 4th Cir., 1984) Attorney General Opinion Nos. 89-599 and 79-861 The traditional test of exemption is based upon the use of the property for a tax exempt purpose, rather than upon whether title to the property is vested in a tax exempt institution.
Honorable Charles Slay, CLA Land and buildings owned by a Assessor, Rapides Parish non-profit corporation do not Alexandria, LA 71309-2002 enjoy tax exempt status if leased to private individuals.
Public Property not used for a public purpose is not exempt