Dear Secretary Reilly:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of a Tournament Players Club Golf Course facility (Facility) to be located in Jefferson Parish. Funding for the development of the Facility is provided for in Act No. 20 of the 1999 Regular Session of the Louisiana Legislature (Act 20), via a capital outlay appropriation to the Louisiana Department of Economic Development (Department).
The land on which the Facility is to be constructed is currently owned by Marrero Land and Improvement Association (Association). The State and the Association intend to execute an "Agreement to Donate and Accept" which provides the conditions under which the Association will donate the property to the State.
The construction and operation of the Facility will be accomplished through a Cooperative Endeavor Agreement (Agreement) between the State, acting by and through the Department, and the Tournament Players Club at Fairfield, L.L.C. (Fairfield). Upon execution of the Agreement, the State will expend funds appropriated in Act 20 and/or future Capital Outlay Acts, to make partial improvements to the land upon which the Facility will be constructed. Fairfield will then complete construction of the Facility and operate same as a daily fee golf course pursuant to a 99-year lease from the State.
All of the improvements to the land, with the exception of certain furnishings and equipment, will be owned by the State during the entire term of the lease. You specifically ask whether the Facility, including land and improvements, but excluding furnishings and equipment owned by Fairfield, is exempt from ad valorem taxation.
In answer to your question, I refer you to Article VII, Section 21(A) which provides:
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public land; other public property used for public purposes.
As can be gleaned from the above, Section 21(A), when referring to the tax exempt status of public property other than public lands, imposes a two-fold requirement that (1) title to the property must vest in the public and (2) the public property must be used for a public purpose. The necessity for meeting both criteria is clearly recognized by the Louisiana Supreme Court in Slay v. Louisiana Entergy and Power Authority,473 So.2d 51 (La. 1985).
As previously noted, title to the land and improvements thereon, with the exception of certain furnishings and equipment, will vest in the State, thereby satisfying the first requirement. We focus now on the second criterion — its use for a public purpose.
The Facility will be leased to a private entity for a period of 99 years. In Schulingkamp v. Heaton, 455 So.2d 1181 (La.App. 4th Cir. 1984) writ denied, the Court found that publicly-owned property leased to a private entity strictly for private purposes was not exempt from ad valorem taxation:
 Allowing improvements on tax exempt property to be themselves tax exempt when used for a private purpose would lead to a very inequitable result in this City's tax scheme. To tax private lessees of private lands and not to tax private lessees of public lands would be unjust and inequitable. We do not believe the tax exemption scheme for public lands was intended to allow some more fortunate individuals to escape taxation by the fact that they lease and reside on public lands.
In Attorney General Opinion No. 92-402, we considered the tax exempt status of a city-owned golf course being leased to an organization for the exclusive use of a private club. Citing Slay
and Schulingkamp, we opined that the property was not being used for a public purpose and, therefore, was not exempt from ad valorem taxation.
Conversely, this office has consistently recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be tax exempt. Attorney General Opinion Nos. 96-320, 94-495, 93-392, and 89-599.
We believe Section 11 of Act 20 is relevant to the issue of public use as it relates to this Facility. It provides, in pertinent part, the following:
 Section 11. The appropriation contained in Section 1 of this Act to the Office of the Secretary in the Department of Economic Development for the Tournament Players Club Golf Course is a public purpose pursuant to the provisions of Article VII, Section 14 of the Constitution of Louisiana primarily for economic development, including the generation of tax revenues, creation of jobs, generation of tourism, creation of a facility for certain charity events, and to provide a facility for professional golf events.
As can be seen from the above, the appropriation for the Facility is deemed to be a public purpose primarily for economic development, including the generation of tourism, the creation of jobs, the generation of tax revenues and the facilitation of charity events. We find the public use of this Facility to be clearly distinguishable from the exclusively private use described in Opinion No. 92-408.
Accordingly, it is the opinion of this office that the Facility, including the land and improvements thereto, owned by the State and leased to Fairfield, constitutes public property used for public purposes. As such, it is exempt from ad valorem taxation pursuant to Article VII, Section 21(A).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEUYOUB Attorney General
 By: ____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj