PHINEAS O. FOSTER, ROGER A. HEIRNE, AND GEORGE J. BLAKESLEE, OWNERS OF THE STEAMBOAT SWAN, PLAINTIFFS IN ERROR, *v.* GORHAM DAVENPORT AND OTHERS, COMMISSIONERS OF PILOTAGE OF THE BAY AND HARBOR OF MOBILE.

The principle established in the preceding case extends also to a steamboat employed as a lighter and towboat, sometimes towing vessels beyond the outer bar of the bay, and into the gulf to the distance of several miles.

The character of the navigation and business in which this boat was employed cannot be distinguished from that in which the vessels it towed or unloaded were engaged. The lightering or towing was but the prolongation of the voyage of the vessels assisted to their port of destination.

THIS was a writ of error to the Supreme Court of Alabama. The case was similar to the preceding one of Sinnot and others

*v.* Davenport, except that the steamboat Swan was employed as a lighter and towboat upon waters within the State of Alabama. It was therefore insisted that she was engaged exclusively in the domestic trade and commerce, and consequently could be distinguished from the preceding case. Both were argued together by the same counsel.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Alabama.

The case is, in all respects, like the one just decided, except it is insisted that the steamboat was employed as a lighter and towboat upon waters within the State of Alabama, and therefore engaged exclusively in the domestic trade and commerce of the State.

According to the admitted state of facts, this boat was engaged in lightering goods from and to vessels anchored in the lower bay of Mobile, and the wharves of the city, and in towing vessels anchored there to and from the city, and, in some instances, towing the same beyond the outer bar of the bay, and into the Gulf to the distance of several miles. This boat was duly enrolled and licensed to carry on the coasting trade at the time she was engaged in this business, and of the seizure under the State law.

It also appears from the answer, and which facts are admitted to be true, that the port of Mobile is resorted to and frequented by ships and vessels, of different size in tonnage, engaged in the trade and commerce of the United States with foreign nations and among the several States; that the vessels of small size and tonnage are accustomed to come up to the wharves of the city, and discharge their cargo, but that large vessels frequenting said port cannot come up, on account of the shallowness of the waters in some parts of the bay, and are compelled to anchor at the lower bay, and to discharge and receive their cargo by lighters; and that the steamboat of claimants was engaged in lightering goods to and from said vessels, and in towing vessels to and from the lower bay and the wharves of the city.

It is quite apparent, from the facts admitted in the case, that this steamboat was employed in aid of vessels engaged in the foreign or coastwise trade and commerce of the United States, either in the delivery of their cargoes, or in towing the vessels themselves to the port of Mobile. The character of the navigation and business in which it was employed cannot be distinguished from that in which the vessels it towed or unloaded were engaged. The lightering or towing was but the prolongation of the voyage of the vessels assisted to their port of destination. The case, therefore, is not distinguishable in principle from the one above referred to.

Judgment of the court below reversed.