(59 South. 30.)

No. 19,072.

SHREVEPORT SUBURBAN RY. CO. v. HOLLINGSWORTH, Assessor, et al.

(June 13, 1912. Rehearing Denied June 29, 1912.)

*(Syllabus by the Court.)*

1. TAXATION (§ 320*)—PROPERTY SUBJECT—EXEMPTIONS.

The enunciation in its charter of the objects and purposes of a corporation is not controlling in deciding whether the corporation is one included in an exemption from taxation, as the question of exemption must be determined by ascertaining the real nature of the corpo-

ration from the acts and business which the corporation is actually doing.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 535; Dec. Dig. § 320.*]

2. TAXATION (§ 231*)—EXEMPTIONS—PUBLIC SERVICE CORPORATIONS.

Act No. 16 of 1904 was intended to exempt from taxation only public service corporations whose existence would be beneficial to the people of the whole state, but was not intended to exempt street railways engaged only in transportation of passengers, and having no connection with other public carriers.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 371–378; Dec. Dig. § 231.*]

3. TAXATION (§ 231*)—EXEMPTIONS — PUBLIC SERVICE CORPORATIONS.

However public a street railroad may be in a city by affording facilities to all therein, it is local in its nature, and does not come within the exemption of Act No. 16 of 1904 merely because it carries passengers into the rural districts adjoining the city wherein it is operating.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 371–378; Dec. Dig. § 231.*]

4. CONSTITUTIONAL LAW (§ 100*) — VESTED RIGHTS—EXEMPTION FROM TAXATION.

As the plaintiff did not fall within the exemption, even as to its portion of line which extended into the country, it therefore cannot be heard to say that it has been deprived of a vested right of exemption by the extension of the city limits of Shreveport.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 206; Dec. Dig. § 100.*]

Provosty, J., dissenting in part.

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by the Shreveport Suburban Railway Company against S. Q. Hollingsworth, Assessor, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Hall & Jack, for appellant. J. M. Foster, for appellees.

BREAUX, C. J. Plaintiff claims exemption from taxation under the Constitution as amended by Act 16, p. 19, of the year 1904, exempting for the period of 10 years from the date of its completion any railroad or part of railroad that shall have been constructed and completed subsequent to January 1, 1905, and prior to January 1, 1909.

Plaintiff began to construct its road in 1908, and completed it that year. The object and purpose as expressed in its charter was:

The "purchase, construction, maintenance and operation of street railway lines in the city of Shreveport, its suburbs and surrounding territory, a street railway for the transportation of passengers, express and freight."

The road's length was 1,800 feet in the city and 6,000 feet in the country. Some time after the railroad had been completed, the city enlarged its limits and included the whole of the road within its boundaries. In the year 1911 the assessor assessed the whole of the road. The plaintiff asks that the railroad be decreed exempt from assessment and taxation under the amendment before cited.

The defendant filed an exception of no cause of action which was referred to the merits to stand as an answer to plaintiff's demand. There was judgment for defendant, and the plaintiff appealed.

We have stated above the question for decision and the facts.

[1] The charter and the object and purpose therein stated of the corporation are not absolutely controlling. Less may be accomplished by the corporation than expressed in its charter. The corporation is to be judged by what it does, and not by that which the charter authorizes.

Only for the purpose of illustrating if a corporation were to state in its charter that the object of incorporation was to construct a transcontinental road, and it were, instead, to construct a railroad operating exclusively within the limits of a city, exemption would be out of all question.

[2] Plaintiff's road as now operated is not an ordinary passenger and freight railway. It does not connect with any other railroad, and is a common carrier of passengers exclusively within the limits of the city of Shreveport. It is not, as are other commercial railroads, a public service corporation in the service of the whole state, and in that of the general public throughout the state or any portion thereof, except in the city of Shreveport.

Private railroads built by individuals or corporations solely for their own use and benefit are not exempt from taxation, and, following similar lines of reasoning, passenger railroads having the privilege of operating within the limits of a city do not fall in the class of quasi public corporations, however public is its passenger service within the boundaries of the city in which it is operated. It is a local company. So important a road as it may be cannot be considered in the same light as a railroad consisting of one or more lines of rails engaged in the transportation of passengers and freight to and from different points in the state.

In the latter case a railroad has the appearance at least of materially aiding and assisting in developing different sections of the country.

[3] It may be urged that, the railroad having acquired the right to exemption from taxation, it was not within the authority of the city to extend its boundary lines, and thereby, as its effect, take from the railroad its acquired right of exemption.

That position has no application to that part of the road which was originally constructed within the city limits.

[4] Now as to the part just outside of the city to the date it changed its boundary lines and took other areas of land, we are not inclined to the opinion that it, although outside of the city limits, was ever exempt from taxation, and, as it was not, it is a complete answer to say that the city of Shreveport did not divest the plaintiff of a vested right of exemption. It was as local before the extension of the boundary lines as it is now.

The case of Shreveport Traction Co. v. Kansas City S. & G. Ry. Co., 119 La. 759, 44 South. 457, cited by learned counsel with confidence, is not analogous. In the cited case, one railroad attempted to prevent another road from crossing its track, and thereby held it up and prevented it from carrying on the purpose of its organization. The right of the plaintiff road to exist was at issue—surely an extreme case. A local common carrier for passengers can be protected without affording good reason for exempting it from the payment of taxes.

For reasons stated, the judgment is affirmed.

PROVOSTY, J., dissents in part, holding that the rural part of the road is exempt; the urban part, not.