LeBLANC, Judge.
The issue presented on appeal is whether vessels which operate completely within Louisiana waters providing stevedoring services to vessels engaged in either interstate or foreign commerce, are themselves considered to be engaged in interstate or foreign commerce so as to qualify for the sales tax exemption provided by La.R.S. 47:305.1 B. We conclude such vessels are operating in interstate or foreign commerce as contemplated in this provision and reverse the trial court judgment finding Cooper Stevedoring Company, Inc. (Cooper) was not entitled to the benefit of this exemption.
On October 29, 1985, the Department of Revenue and Taxation (Department) gave Cooper notice of an assessment of sales tax for the audit period of January 1, 1975 through January 31, 1979. Cooper appealed the assessment to the Louisiana Board of Tax Appeals, which rendered judgment in Cooper’s favor insofar as the assessment applied to stevedoring activity by Cooper. The Department sought review of the Board’s decision in district court. The district court ultimately rendered judgment reversing the Board’s decision reinstating the original assessment regarding Cooper’s stevedoring activities. Cooper has now appealed to this court from the judgment reinstating a portion of the Department’s original tax assessment.
The parties stipulated to the following facts:
Cooper Stevedoring Company, Inc. during the period January 1, 1975, through January 31, 1979 (“audit period”) was engaged in the business of providing ste-vedoring services with respect to ships and other vessels. The stevedoring services performed during the audit period consisted of operating barges on which there were mounted cranes and conveyors which were used during the audit period to transfer grain, coal and other commodities from barges which originated in the United States to ships which delivered the commodities to points outside the United States, and the operation of crewboats which transported persons and suppplies to and from said barges. All vessels operated by Cooper Stevedor-ing Company, Inc. involved in this audit were used in the performance of steve-doring services.
The appeal in number 315,544 [the present case] by the Department of Revenue and Taxation involves sales tax in the amount of $6,017.24 on fuels, parts, supplies, repairs and repair services with respect to some floating rig barges and crewboats operated by Cooper Stevedor-ing Company, Inc.
Cooper contends it is exempt under La.R.S. 47:305.1 B from the sales taxes in question. This provision provides, in pertinent part, that:
The [sales and use] taxes imposed by R.S. 47:302 and R.S. 47:321 shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and op *34 eration thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise, commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels ... (Emphasis added)
The Department maintains this exemption is not applicable herein because, although Cooper’s stevedoring activities were performed for vessels engaged in interstate or foreign commerce, all of Cooper’s activities were performed within Louisiana, with Cooper’s vessels never leaving Louisiana’s territorial waters. Due to this fact, the Department concludes Cooper can not be considered to be engaged in “foreign or interstate coastwise commerce” as required to qualify for the exemption. In support of its position, the Department relies on its own regulation defining “interstate coastwise commerce” and “foreign commerce” for purposes of applying the article 305.1 B exemption, as follows:
“Interstate coastwise commerce” means commerce ... from a point in one state to a point in another state.
“Foreign commerce” means commerce as defined herein from a point in a state to a point in a foreign state.[1]
We recognize that a long-settled contemporaneous construction of a statute by those charged with administering it is to be given substantial weight in interpreting the statute. Sales Tax D. #1 LaFourche Par. v. Express Boat Co., 500 So.2d 364, 368 (La.1987). However, an administrative construction can not be given effect if it is inconsistent with the legislature’s intent in enacting the statute. Id. at 370.
In Express Boat, the Louisiana Supreme Court held that the terms “foreign commerce” and “interstate coastwise commerce” as used in R.S. 47:305.1 B were intended by the legislature to be interpreted in accordance with their well-established meaning.
Historically, certain activities have been considered interstate or foreign commerce even when the activities are performed entirely within one state, if the activity is part of or facilitates the stream of interstate or foreign commerce. See, Dept. of Rev., Etc. v. Ass’n of Wash. Steve. Co., 435 U.S. 734, 98 S.Ct. 1388, 55 L.Ed.2d 682 (1978); Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326, ftnt. 4 (1977), Joseph v. Carter & Weekes Stevedoring Co., 330 U.S. 422, 67 S.Ct. 815, 91 L.Ed. 993 (1947), overruled on other grounds by Dept. of Rev., Etc. v. Ass’n of Wash. Steve. Co., supra; The Daniel Ball v. United States, 10 Wall. 557, 77 U.S. 557, 19 L.Ed. 999 (1871); Foster v. Davenport, 22 How. 244, 63 U.S. 244, 16 L.Ed. 248 (1859); Higginbotham v. Public Belt Railroad Commission, 192 La. 525, 188 So. 395 (1938). It is clear from several of the above cited cases that the performance of stevedoring services for vessels engaged in interstate or foreign commerce is such an activity. In Dept. of Rev., Etc. v. Ass’n of Wash. Steve. Co., supra, the United States Supreme Court cited with approval the following language from Puget Sound Stevedoring Co. v. Tax Commission, 302 U.S. 90, 58 S.Ct. 72, 82 L.Ed. 68 (1937), which it overruled on other grounds.
“Transportation of a cargo by water is impossible or futile unless the thing to be transported is put aboard the ship and taken off at destination. A stevedore who in person or by servants does work so indispensable is as much an agency of commerce as shipowner or master.” ...
The business of loading and unloading ... [is] interstate or foreign commerce. Citation omitted 435 U.S. at 743, 98 S.Ct. at 1395
Accordingly, we find the stevedoring services performed by Cooper are clearly part of interstate or foreign commerce as these terms are generally understood. Thus, we conclude Cooper is actually engaged in interstate or foreign coastwise commerce as contemplated in La.R.S. 47:305.1 B.
Accordingly, we reverse the judgment appealed from and reinstate the decision of *35 the Board of Tax Appeals. The Department is to pay the trial court costs of $567.85 and the costs of this appeal in the amount of $490.55.
REVERSED.

. These definitions are found in the departmental regulation corresponding to La.R.S. 47:305.1.