Dear Mr. LeJeune:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of diagnostic equipment owned by Jefferson Davis Diagnostic Center (the "Center"), a 501 (C)(3) non-profit corporation.
This office has consistently observed that we do not possess the authority to make a decision as to whether any particular taxpayer is exempt from the payment of ad valorem
taxes, since this decision is based primarily upon a factual determination. Rather, we perceive our function as that of offering advice on the applicable law which then can be applied to the particular factual scenario at hand. Thus, it is the duty of the assessing authorities, particularly the Louisiana Tax Commission (the "Commission"), to make, subject to judicial review, determinations as to tax exemptions. See Attorney General Opinion Nos. 96-60, 93-632, 93-488 and 86-529.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed. See Ruston Hospital v. Riser,191 So.2d 665 (La.App. 2d Cir. 1966). Also, in Mattingly v. Vial,193 La. 1, 190 So. 313 (1939) our Supreme Court held:
 "There is no principal of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal."
We find that your determination of the tax exempt status of the Center is controlled by Article VII, § 21 (B)(1)(a) which provides the following:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation: *Page 2 
* * *
 (B)(1)(a) Property owned by a nonprofit corporation . . . organized and operated exclusively for . . . charitable, health, . . . purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation . . ."
In interpreting the above provision, we have consistently held that in order to qualify for an exemption under § 21 (B)(1)(a), the property must meet all four of the basic requirements set forth therein, to-wit:
 1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax;
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
See Attorney General Opinion Nos. 88-312, 91-298, 93-488, 93-632 and 95-60.
This office has opined that, should the assessing authorities determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption fromad valorem taxes is appropriate. Conversely, should the facts, as determined by the assessing authorities reflect noncompliance, the property may only be partially or totally non-exempt. Again, it is the responsibility of the Assessor, subject to review by the Commission and/or judiciary, to make the factual determination as to whether the above requirements have been met. *Page 3 
In making the above determination, you may examine the actual activities of the organization in question, the use of the property under consideration and the purpose clause in the Center's Charter and/or Articles of Incorporation. Further, you may employ the traditional test developed by the judiciary — i.e., it is the use of the property and not the nature and purpose of the corporation which constitutes the right to a tax exemption. Faust v. Mitchell Energy Corp., 437 So.2d 339
(La.App. 2d Cir. 1983) and State v. Anderson, 116 So.2d 80
(La.App. 1st Cir. 1959).
We also bring to your attention the ruling in the case ofHotel Dieu, et al. v. Williams, et al., 410 So.2d 1111 (La. 1982). Therein, the Louisiana Supreme Court held that property belonging to a nonprofit hospital and leased to a nonprofit corporation for operation of a restaurant, offices and a parking garage was tax exempt. The Court found that the space in the office building, except for a restaurant, was leased only for medical purposes to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the Court found that its customers were primarily those with business at the hospital or the medical office building. The net revenues from the office building and parking garage reverted to the hospital for hospital activities and the treatment of indigent persons. Thus, the non-profit corporation was deemed to be the alter ego of the hospital, and while the property was used for commercial purposes, said purposes were directly related to the exempt purposes of the non-profit corporation. Given this connexity, the adjacent properties were afforded tax exempt status.
The enunciation in its Charter of the purposes of the corporation is not controlling in deciding whether it is exempt from taxation. The question of exemption is determined by the real nature of the corporation's acts and business. ShreveportSurburban Ry Co. v. Hollingsworth, 131 La. 105, 59 So. 30
(1912).
Finally, we note that your letter to this office represents a copy of the original opinion request you directed to the Commission. Regarding any opinion that may issue from the Commission, we draw your attention to the fundamental judicial maxim that the construction of a statute or constitutional provision by those charged with its administration (i.e., the Commission) must be given substantial weight. Cooper StevedoringCompany, Inc. v. Secretary of the Louisiana Department of Revenueand Taxation, 555 So.2d 32 (La.App. 1st Cir. 1989).
In summary, should you find, using the above guidelines, that the corporation and/or the property thereof meets the criteria set forth hereinabove, then it should be considered exempt for ad valorem tax purposes. However, should the property, in question, fail to meet these criteria, then it would be subject to ad valorem taxation. Under the rules of contemporaneous construction, as set out in the CooperStevedoring case, you may find assistance through opinions issued by the Louisiana Tax Commission on this subject matter. *Page 4 
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
OPINION NUMBER 95-223
June 20, 1995
 4 Assessors 119 Taxation — Property Taxes — Liability of Persons and Property La. Const. Art. VII, Sec. 21(B)(1)(a)
Hon. Patricia Schwarz Core Assessor Discussion of the criteria St. Tammany Parish Courthouse considered regarding the ad P.O. Drawer 3200 valorem tax status of property Covington, LA 70434 owned by Catholic Faith in Action.