Dear Mr. Bailey:
You requested the opinion of this office concerning the following situation: In 1998, Monroe Affordable Housing, LLC (the "LLC") purchased Oakmont and Town Oaks Apartments (the "Complexes") in Monroe, Louisiana for $10,700,000. The LLC is wholly owned by The Resource Foundation, Inc. (the "Foundation"). They have requested exemption from ad valorem taxes as a non-profit organization. Your question is whether the property should be removed from the taxable rolls.
This office has consistently opined that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission (the "Commission") and, ultimately, the courts. Atty.Gen.Ops. Nos. 99-238, 98-489, 98-65, 97-211, 96-438, 95-223 and 93-632. In other words, inherent in the assessor's duties of listing and assessing taxable properties within his jurisdiction, is the authority to determine whether such properties are tax exempt. This determination will depend upon the information submitted by the taxpayer, and whether that information meets the criteria for exemptions set forth in ArticleVII, Section 21 of the Louisiana Constitution.
Your specific inquiry relates to nonprofit organizations. The tax exempt status of such organizations is controlled by Article VII, Section 21(B)(1)(a) which provides the following:
§ 21. Other Property Exemptions
 In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
 (b) property leased to such a nonprofit corporation or association for use solely as housing for homeless persons, as defined by regulation adopted by the tax commission or its successor. . . .
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
In interpreting the above provision, we have consistently held that in order to qualify for an exemption under § 21(B)(1)(a), the property must meet all four requirements set forth therein, to wit:
 1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member of the organization;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax; and
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
See Attorney General Opinion Nos. 99-238, 97-211, 96-438, 95-223, 95-60 and 93-488. Thus, it is your responsibility as assessor to examine the information necessary in making your decision to exempt or not exempt the property from taxation. In making this determination, you should note that the jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Further, an exemption, constituting an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991), writ denied.
This office has opined that, should the assessing authorities determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. Conversely, should the facts, as determined by the assessing authorities reflect noncompliance, the property may only be partially or totally non-exempt. Again, it is the responsibility of the Assessor, subject to review by the Commission and/or judiciary, to make the factual determination as to whether the above requirements have been met. In making the above determination, you may examine the actual activities of the organization in question, the use of the property under consideration and the purpose clause in the Center's Charter and/or Articles of Incorporation. Further, you may employ the traditional test developed by the judiciary — i.e., it is the use of the property and not the nature and purpose of the corporation which constitutes the right to a tax exemption. Faust v. MitchellEnergy Corp., 437 So.2d 339 (La.App. 2d Cir. 1983) and State v.Anderson, 116 So.2d 80 (La.App. 1st Cir. 1959).
We also bring to your attention the ruling in the case of HotelDieu v. Williams, 410 So.2d 1111 (La. 1982). Therein, the Louisiana Supreme Court held that property belonging to a nonprofit hospital and leased to a nonprofit corporation for operation of a restaurant, offices and a parking garage was tax exempt. The Court found that the space in the office building, except for a restaurant, was leased only for medical purposes to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the Court found that its customers were primarily those with business at the hospital or the medical office building. The net revenues from the office building and parking garage reverted to the hospital for hospital activities and the treatment of indigent persons. Thus, the nonprofit organization was deemed to be the alter ego of the hospital, and while the property was used for commercial purposes, said purposes were directly related to the exempt purposes of the nonprofit corporation. Given this connexity, the adjacent properties were afforded tax exempt status.
The enunciation in its Charter of the purposes of the corporation is not controlling in deciding whether it is exempt from taxation. The question of exemption is determined by the real nature of the corporation's acts and business. Shreveport Suburban Ry. Co. v.Hollingsworth, 131 La. 105, 59 So. 30 (1912).
After considering the data submitted in connection with your consideration of the criteria necessary for tax exemption, and guided by the opinions of our judiciary as explained above, you must then decide whether you will list and assess the property in question. In the event you determine that the property is not tax exempt, the property should be assessed and listed on the tax rolls. As can be gleaned from the above, initially, it is the duty and responsibility of the assessor to determine whether sufficient data exists to render tax exempt, properties owned and/or leased by a nonprofit organization. This determination is subject to review by the local board of review, the Commission and the district court. The assessor is entitled to defend his position before the board of review, the Commission and the court. A final judgment of the district court would be binding on all parties involved.
We appreciate your furnishing this office with an excerpt from theAssessment Journal detailing a similar situation in Iowa, as well as a copy of the Minnesota Supreme Court decision in North StarResearch Institute v. County of Hennepin, 236 N.W.2d 754 (Minn. 1975); however, despite these well reasoned decisions from other states, the Louisiana courts have decided to the contrary.
We call your attention to the decision of the Louisiana Fourth Circuit Court of Appeal in New Orleans Towers Affordable HousingCorp., Inc. v. Kahn, 98-1246 (La.App. 4th Cir. 12/29/99),744 So.2d 50, where the court determined that a non-profit low-income housing provider, which was exempt from state and federal income tax, was operating for a charitable purpose, and therefore exempt from ad valorem taxation, even though the provider allegedly competed with for-profit complexes for tenants and market rents, and even though providing low income housing was not one of the specific purposes designated in the Constitution as conferring exemption from ad valorem taxes on the property owner. The acquisition and renovation of New Orleans Towers was financed through the issuance of tax exempt municipal bonds. The decision of the district court, which was affirmed by the Fourth Circuit, reviewed the Hotel Dieu decision as well as Revenue Ruling 67-138, which indicates that "providing assistance to low income families in need of adequate housing constitutes a charitable purpose".
The data that was submitted with your opinion request include the Amended and Restated Articles of Organization of the LLC which provides that the sole member of the LLC is the Foundation, a Tennessee nonprofit corporation that is exempt from federal taxation by virtue of Section 501(c)(3) of the Internal Revenue Code of 1986. It further provides that the LLC was organized to provide affordable low income housing and no part of the net earnings of the LLC shall inure to the benefit of any private shareholder or member of the LLC. As set forth in the Amendment to Amended and Restated Articles of Incorporation of the LLC, the business and purpose of the LLC consists solely of the acquisition, ownership, operation and management of the Complexes. We were advised that the proceeds of tax exempt bonds issued by the Louisiana Public Facilities Authority were used for the acquisition of the Complexes.
You may find that the information which was supplied to you is sufficient to find that the Complexes are exempt from the payment of ad valorem taxes based upon the criteria set forth hereinabove. Accordingly, you could determine:
 1. The LLC is a nonprofit corporation organized exclusively for the purpose of providing low income housing which the Fourth Circuit has found to be one of the designated purposes set forth in the Constitution;
 2. No part of the net earnings inure to the benefit of any stockholder or member of the organization;
 3. The LLC is exempt from federal and state income tax (see the discussion in the letter of October 26, 1998 directed to you from David B. Epstein); and
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH