Dear Mr. Stephens:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of the DeSoto Parish Farm Bureau, Inc. (Farm Bureau), a nonprofit corporation organized under the laws of the State of Louisiana.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, the Louisiana Tax Commission (Commission) and, ultimately, the courts. Attorney General Opinion Nos. 01-144, 00-54, 96-438 and 94-603. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this State has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991) writ denied. Further, in Mattinglyv. Vial, 193 La. 1, 190 So. 313 (1931), our Supreme Court held:
 There is no principal of interpretation more firmly and uniformly established by the jurisprudence of this and other States that the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal.
We find that your determination of the tax exempt status of the Farm Bureau is controlled by Article VII, Section 21(B)(1)(a) and/or (B)(3) they provide as follows:
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, designated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 * * *
 (3) property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if that property is owned by a nonprofit corporation or association organized under the laws of this state for such purposes.
 None of the property listed in Paragraph (B) shall be exempt is owned, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
In interpreting the above provision, we have consistently held that in order to qualify for an exemption under Section 21(B)(1)(a), the property must meet all four of the basic requirements set forth therein, to wit:
 1. The organization must be a nonprofit corporation or association organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof;
 3. Said nonprofit corporation or association must be exempt from federal or state income tax;
 4. None of the property of the nonprofit corporation or association is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
In accord are Attorney General Opinion Nos. 97-211, 95-60 and 93-488.
This office has opined that, should the assessing authority determine that a nonprofit corporation's or association's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. Conversely, should the facts, as determined by the assessing authority, reflect noncompliance, the property may be partially or totally nonexempt. Again, it is the responsibility of the Assessor, subject to the review by the Commission and/or judiciary, to make the factual determination as to whether the above requirements have been met.
In making the above determination, you may examine the actual activities of the organization in question, the use of the property under consideration and the purpose clause in the Farm Bureau's Charter and/or Articles of Incorporation.
We also bring to your attention the ruling in the case of Hotel Dieu,et al v. Williams et al., 410 So.2d 1111 (La. 1982). Therein the Louisiana Supreme Court held that property belonging to a nonprofit hospital and leased to a nonprofit corporation for operation as a restaurant, offices and a parking garage was tax exempt. The Court found that the space in the office building, except for the restaurant, was leased only for medical purposes to tenants who had some connexity to the hospital and that the restaurant was a necessary eating facility for physicians, staff members, patients and their families. While the parking lot was open to the public, the Court found that its customers were primarily those with businesses at the hospital or the medical office building. The net revenues from the office building and parking garage reverted to the hospital for hospital activities and the treatment of indigent persons. Thus, the nonprofit corporation was deemed to be the alter ego of the hospital and, while the property was used for commercial purposes, said purposes were directly related to the exempt purposes of the nonprofit corporation. Given this connexity, the adjacent properties were afforded tax exempt status.
The declaration in its Charter of the purposes of the Farm Bureau is not controlling in deciding whether is it exempt from taxation. The question of exemption is determined by the real nature of the Farm Bureau's activities and business. Shreveport Suburban Ry. Co. v.Hollingsworth, 131 La. 105, 59 So. 30 (1912).
You have provided us with a copy of the Articles of Incorporation of the Farm Bureau. Article III entitled "OBJECTS AND PURPOSES", provides, in pertinent part, the following:
 The objects and purposes for which this corporation is organized and the nature of the business to be carried on by it, shall be:
 Section I. Through cooperation, to advance, foster, and encourage the intelligent production of agricultural horticultural, dairy, livestock, poultry, bees, and all other farm products and to eliminate speculation, waste and inefficiency in marketing by organizing parish and community Farm Bureaus throughout the Parish of DeSoto, State of Louisiana, and also to foster, promote, and finance, if necessary, cooperative activities in the furtherance of the general objectives of the organization. The members of the Parish Farm Bureau and any Cooperative Marketing Association organized hereunder shall also be members of the Louisiana Farm Bureau Federation, Inc.
We were further advised by representatives of the Farm Bureau that, in addition to the above objects and purposes, the Farm Bureau is in the business of writing health, property and life insurance policies for members and associates. Assuming you determine that the Farm Bureau satisfies the first three requirements enumerated hereinabove, it would appear that it does not meet the fourth requirement which prohibits the use of the property for commercial purposes unrelated to the exempt purposes of the corporation or association. In this connection, we note that the members of the Constitutional Convention were concerned about granting tax exemptions to nonprofit corporations which operate in the commercial sector in competition with private industry in an area unrelated to the purpose for which they were organized. See 23 Verbatim Transcripts, La. Const. Conv. of 1973 (Oct. 26, 1973), p. 45, et seq.; 24 Verbatim Transcripts, La. Const. Conv. of 1973 (Oct. 31, 1973), p. 16, et seq.
We also direct your attention to the fundamental judicial maxim that the construction of a statute or constitutional provision by those charged with its administration (i.e., the Commission) must be given substantial weight. Cooper Stevedoring Company, Inc. v. Secretary of theLouisiana Department of Revenue and Taxation, 555 So.2d 32 (La.App. 1st Cir. 1989). We have been furnished with a copy of an opinion to you from J. Pete Peters, Administrator of the Louisiana Tax Commission. In his well reasoned opinion, Mr. Peters concludes that companies such as Farm Bureaus which offer insurance to their members are in competition with the private sector for business and, therefore, are to be placed on the regular taxable roll.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By:__________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj