STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 03-1495


MALLARD BAY DRILLING, INC.

VERSUS

JOHN NEELY KENNEDY, SECRETARY OF DEPARTMENT OF
REVENUE, STATE OF LOUISIANA


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 94900
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Glenn B. Gremillion, Billy Howard Ezell, and Arthur J. Planchard,* Judges.

*Honorable Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as *Judge Pro Tempore*.


**AFFIRMED.**

Stephen Hawley Myers
P. O. Box 51222
Lafayette, LA 70505-1222
(337) 266-2225
Counsel for: Plaintiff/Appellee
Mallard Bay Drilling, Inc.

Marlon Van Harrison
2033 General Beauregard
P. O. Box 4064
Baton Rouge, LA 70821
(225) 219-2080
Counsel for: Defendant/Appellant
John Neely Kennedy, Secretary of Department Of Revenue, State of
Louisiana

**EZELL, JUDGE.**

This case involves a request for a tax refund from Mallard Bay Drilling, Inc., to the Sales Tax Division of the Louisiana Department of Revenue (hereinafter the DOR) for $238,442.08 in sales taxes for diesel fuel for Mallard Bay's drilling barges. The DOR appeals the decision of the trial court granting Mallard Bay a refund in that amount. For the following reasons, we affirm the decision of the trial court.

Mallard Bay is involved in the business of drilling oil and gas wells along the Gulf Coast, utilizing drilling vessels in excess of fifty tons displacement. Their vessels are towed from place to place, with diesel fuel used to power the drilling operations. Mallard Bay's rigs also act as a temporary platform to secure oil or gas once drilling is completed. Once a well site is secure, Mallard Bay's vessels are moved to a different location and the oil or gas is offloaded to be shipped to refineries and into the stream of commerce.

On June 17, 1996, the DOR received a request from Mallard Bay for a refund for taxes paid on diesel fuel used on Mallard Bay's barges for the tax period of January 1, 1993 through December 31, 1995. The DOR denied this request. Mallard Bay appealed to the Board of Tax Appeals, alleging that it was entitled to the refund under the exemption from sales taxes under La.R.S. 47:305.1(B) for materials and supplies used in foreign or coastwise interstate commerce. This appeal was denied, mainly because the diesel fuel was used for vessels operating within state waters. Finally, Mallard Bay appealed to the trial court, who ruled in favor of Mallard Bay, overturning the decision of the Board of Tax Appeals. The trial court found that, although Mallard Bay was operating on Louisiana soil at the time in question, its intrastate activities qualified as interstate commerce and was therefore, exempt from sales and use taxes. Accordingly, the trial court awarded Mallard Bay a refund in the

1

amount of $238,442.08. From this decision, the DOR appeals.

The DOR asserts four assignments of error that truly amount to one, that the trial court erred in finding that Mallard Bay's actions within Louisiana waters qualified as interstate commerce for the exceptions to sales and use taxes under La.R.S. 47:305.1.[1] We disagree.

Louisiana Revised Statutes 47:302(A) states: "[t]here is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein . . . ." Diesel fuel is tangible personal property susceptible to Louisiana sales tax unless specifically exempted or excluded from such tax. *McNamara v. John E. Chance & Assoc., Inc.*, 491 So.2d 154 (La.App. 3 Cir. 1986), (*citing* La.R.S. 47:301(16)). A tax exemption is an exceptional privilege which must be expressly and clearly conveyed in plain terms. *Showboat Star Partnership v. Slaughter*, 00-1227 (La. 4/3/01), 789 So.2d 554; *Bill Roberts Inc. v. McNamara,* 539 So.2d 1226 (La.1989). Tax exemptions are strictly construed against the taxpayer claiming the benefit thereof and must be clearly, unequivocally and affirmatively established by the taxpayer. *McNamara v. Central Marine Serv.,* 507 So.2d 207 (La.1987).

The DOR claims that Mallard Bay's actions did not qualify as interstate commerce because their vessels did not leave Louisiana during the period in question. In *Archer Daniels Midland Co. v. Parish Sch. Bd. of the Parish of St. Charles*, 01-511 (La. 11/28/01), 802 So.2d 1270, the Louisiana Supreme Court ruled that tugboats that

---

[1] The DOR also claims that the trial court erred in hearing a constitutional challenge to any sales tax imposed pursuant to La.R.S. 47:302, et seq. by Mallard Bay. However the trial court's ruling did not address the constitutionality of any statute, but rather, used 47:305.1 to rule that its exception to sales taxes applied to Mallard Bay. Because this argument is of no moment, we need not address it further.

operated on rivers in state did not operate exclusively in foreign or interstate

coastwise commerce within the meaning of the sales tax exemption for materials and

supplies purchased by the owners or operators of ships or vessels operating

exclusively in foreign or interstate coastwise commerce, even though the cargo

traveled in interstate commerce, overruling *Cooper Stevedoring Co., Inc. v. Secretary*

*of La. Dept. of Revenue and Taxation*, 555 So.2d 32 (La.App. 1 Cir.1989). That court

ruled that "in determining whether a taxpayer's ships or vessels operate 'exclusively

in foreign or interstate coastwise commerce' within the meaning of LSA-R.S.

47:305.1(B), the focus must be on the ***movement of the taxpayer's ships or vessels***."

*Archer Daniels Midland v. Parish Sch. Bd.*, 802 So.2d at 1277 (emphasis in original).

However, this approach was specifically legislatively overruled. Section 2 of

Acts 2002, No. 40 (§ 1 of which amends subsection C and enacts subsection D to

La.R.S. 47:305.1) provides:

> The provisions of this Act are interpretative of R.S. 47:305.1 and are intended to explain and clarify its original intent, notwithstanding the contrary interpretation given in "Archer Daniels Midland Company v. The Parish School Board of the Parish of St. Charles," 01-C- 0511 (La. 11/28/01), 802 So. 2nd 1270, and all cases consistent therewith. Therefore, the provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and to all claims arising or actions filed on and after its effective date.

Louisiana Revised Statutes 47:305.1 (emphasis added) states, in pertinent part:

> B. *The taxes imposed by taxing authorities shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce*, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof . . . .
>
> C. (1) For purposes of this Section, the term "foreign or interstate coastwise commerce" shall mean and include trade, traffic, transportation, or movement of passengers or property by, in, or on a ship or vessel:
>
> (a) Between a point in one state and a point outside the territorial

3

boundaries of such state;

(b) Between points in the same state where the trade, traffic, transportation, or movement of passengers or property traverses through a point outside of the territorial boundaries of such state;

(c) At a point in or between points in the same state as part of or in connection with the business of providing or delivering materials, equipment, fuel, supplies, crew, repair services, laundry services, dredging waterways services, stevedoring services, other loading or unloading services, or ship or vessel movement services to or for ships or vessels that are operating in foreign or interstate coastwise commerce as defined in this Subsection; or

(d) At a point in or between points in the same state when such trade, traffic, transportation, or movement of passengers or property is part of or consists of one or more segments of trade, traffic, transportation, or movement of passengers or property that either (i) follows movement of passengers or property into or within the state from a point beyond the territorial boundaries of such state, (ii) precedes movement of the passengers or property from within the state to a point outside the territorial boundaries of such state, or (iii) *is part of a stream of trade, traffic, transportation, or movement of passengers or property originating or terminating outside the territorial boundaries of such state or otherwise in foreign or interstate coastwise commerce*, as defined in this Subsection.

Under the definition of "foreign or interstate coastwise commerce" under La.R.S. 47:305.1, it is clear that Mallard Bay's actions fall under the exception, although Mallard Bay's ships may not always cross state borders. The actions taken by Mallard Bay are part of a stream of commerce terminating outside the borders of Louisiana. Mallard Bay's vessels are towed from place to place to drill for oil. The vessels also act as a temporary platform to secure the oil or gas produced once drilling operations are completed. Once the well site is secure, the vessels are moved off to a different location, with the oil shipped to refineries, primarily in Louisiana and Texas. Once refined, the oil and gas continues in interstate commerce to be consumed virtually anywhere. The flow of gas [oil] from the wellhead to the ultimate consumer is nothing other than interstate commerce. *Maryland v. Louisiana*, 451 U.S. 725, 101 S.Ct. 2114 (1981). "Gas crossing a state line at any stage of its

4

movement to the ultimate consumer is in interstate commerce during the entire journey." *Id* at 2134. Accordingly, we find no error in the decision of the trial court.

The decision of the trial court is affirmed. Because the State shall not be required to pay court costs in any judicial proceeding instituted or prosecuted by or against it under La.R.S. 13:4521, we need not assess court costs in this proceedings.

**AFFIRMED.**